IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

STEPHEN WARD                                                                                           PLAINTIFF

v.                              Case No. 3:22-cv-00250-LPR-BBM

HAROLD COPENHAVER, *et al.*,                                                              DEFENDANTS

### ORDER ON PLAINTIFF'S MOTIONS REGARDING FORMER DEFENDANT KIMBERLY RANDALL

In October 2023, Plaintiff Stephen Ward filed, *pro se*, an Amended Complaint asserting multiple claims against 10 defendants, one of whom was Kimberly Randall. (Doc. 10) ("Am. Compl."). In June 2024, the Court dismissed Randall without prejudice based on a notice of voluntary dismissal that she and Ward jointly filed under Federal Rule of Civil Procedure 41 after reaching a confidential settlement. (Docs. 67–68, 72). Ward now seeks to undo all of that. In two motions and a recent "supplement," he asks the Court to reinstate Randall as a party-defendant in this action. (Docs. 125–128, 157–158).

According to Ward, after the Rule 41 dismissal, he acquired information suggesting that Randall allegedly acted in the underlying events not only in her own name but also using the name "Simrit Kaur" (whom Ward also purported to sue in the Amended Complaint under that "alias"). Thus, despite the settlement and Rule 41 dismissal, Ward now seeks in one motion to "substitute" Randall for Kaur. (Docs. 125–126) ("Motion to Substitute"). In a second motion, Ward seeks an order requiring that Randall be re-served with the Amended Complaint so that she can respond to its allegations (including those about her alleged alter-ego, Kaur), and he asks that counsel be appointed to help him serve

Randall with the Amended Complaint and a new summons. (Docs. 127–128) ("Motion for Service"). In a third filing, Ward supplements the Motion for Service with what he says are "additional facts showing" that Randall is aware, and "evading service," of his Motion to Substitute and Motion for Service. (Doc. 157 at 1; Doc. 158 at 1) ("Supplement").

Having carefully reviewed Ward's filings, the entire record, and the relevant law, this Court will deny Ward's two Motions and any relief requested in the Supplement for the reasons that follow and without prejudice to Ward's ability to seek relief (if he so chooses) under Federal Rule of Civil Procedure 15. As explained below, *substitution* is not a procedural option available to Ward in these circumstances, but *amendment* might be. Thus, despite the Court's ruling here, Ward still may file a motion for leave to file another amended complaint that includes Randall as a defendant. If he does so, then the Court will consider such a motion and any opposition in due course under Rule 15's criteria. *See* FED. R. CIV. P. 15(A)(2) ("The court should freely give leave when justice so requires."); *Foman v. Davis*, 371 U.S. 178, 182 (1962) (leave to amend may be denied based on "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment").[1]

---

[1] Ward already has amended the original complaint once. (Docs. 2, 10). Thus, he may do so again only with the Defendants' "written consent" or the Court's "leave." FED. R. CIV. P. 15(A)(2). Deadlines for the amendment of pleadings and the joinder of other parties "must" be included in a "scheduling order." FED. R. CIV. P. 16(B)(3)(A). But as the Court has not yet issued a scheduling order, there is not presently a deadline by which Ward must file a motion for leave to amend.

*1. Background*

The gist of the Amended Complaint is that local government officials in Jonesboro, Arkansas, allegedly in cahoots with private citizens, "shut down" Ward's "panhandling" activities that consisted of him selling "pony rides" in parking lots near Jonesboro businesses. Am. Compl. at 8–10, ¶¶ 23–29; *see id.* at 99, ¶ 170 (alleging that Ward had "to close his pony ride attraction" due to Defendants' alleged actions).[2] In March 2024, the Court screened the Amended Complaint under 28 U.S.C. § 1915, dismissing some claims and allowing others to proceed. (Doc. 14). Among the claims to survive the screening process were certain state-law defamation claims asserted against Randall and Kaur. *Id.* at 3; *see* Am. Compl. at 95–102, ¶¶ 151–179 (defamation claims in Count IV). In a nutshell, Ward alleges that Randall and Kaur made defamatory statements about him in order "to ruin [his] reputation" and, thereby, "aid" the alleged effort of other Defendants to "combat[]" his "pony rides" and "shut[] him down." *Id.* at 49, ¶ 79 (capitalization omitted).

The Court then issued summonses for all remaining Defendants except Kaur, who was sued under an "alias." *See* Fourth Docket Entry of Mar. 25, 2024 (noting the issuance of summonses for Defendants other than Kaur). The Court thus ordered Ward to provide it with "valid service information" for Kaur. (Doc. 16). It also issued what were, essentially, interrogatories to the other Defendants, asking if they knew Kaur's "true name" and address or telephone number. (Doc. 27). Like other Defendants, Randall responded to the

---

[2] "When citing to the record, this Order cites to the page numbers set forth in the ECF filing stamp (at the top of each page)." *Roberts v. PVH Corp.*, No. 4:20-cv-01326-LPR, 2023 WL 6296996, *1 n.5 (E.D. Ark. Sept. 27, 2023), *appeal dismissed*, 2024 WL 1776491 (8th Cir. Mar. 29, 2024).

Court that she had "no knowledge" of Kaur. (Doc. 41). In April 2024, Randall was served with the Amended Complaint and responded with a motion to dismiss under Federal Rule of Civil Procedure 12. (Docs. 21, 34). In June 2024, as mentioned, the Court dismissed Randall without prejudice under Rule 41 and denied her Rule 12 motion as moot. (Docs. 67–68, 72).

As for Kaur, Ward eventually obtained additional information about that Defendant thanks to the Court's Order of May 9, 2024, requiring Google LLC (among certain other non-parties) to produce any information in its possession regarding Kaur's identity or contact information. (Docs. 59, 99). As Ward had identified Kaur's email address as "ksimrit8@gmail.com," Google searched its records for responsive information associated with that address. On July 18, 2024, Google produced to Ward the separate "recovery email address" that the "ksimrit8" user had provided to Google. (Doc. 99 at 3–4). Google did not possess, and so did not give Ward, any "user-provided phone numbers or physical addresses associated with the account." *Id.* at 10. Nonetheless, in its order of September 25, 2024, this Court again ordered Ward to provide "a valid service address" for Kaur or else face the prospect of the Court dismissing that Defendant without prejudice for lack of service under Federal Rule of Civil Procedure 4(m). *Id.*

In October 2024, Ward responded by filing a motion in which he claimed, for the first time in this litigation, that it was *Randall* who had posed as "Kaur" during the underlying events. (Doc. 100 at 2, ¶ 2). Ward said that he based that assertion on "new information that has surfaced as a result of the Judge's Court Order to Google." *Id.* at 3, ¶ 4. Thus, Ward sought then (as he does now) an order "add[ing] [Randall] back to the case"

4

and directing that she be re-served with the Amended Complaint and a new summons and required to respond to the allegations concerning both "Kimberly Randall and Simrit Kaur." *Id.* at 3, ¶¶ 4–6. In addressing that motion on April 7, 2025, this Court noted that Ward had only "vaguely" connected Randall to Kaur without supporting his assertion with specific information obtained from Google. (Doc. 118 at 3). And it denied the motion "without prejudice so that Ward can file a proper motion to substitute parties and serve it in accordance" with the Federal Rules of Civil Procedure. *Id.* at 4. On April 18, 2025, Ward responded by filing the two Motions now under review and discussed at the top of this Order. (Docs. 125–128). On August 18, 2025, he filed the aforementioned Supplement. (Docs. 157–158).

In the Motion to Substitute, Ward provides a Google-sourced detail omitted from his October 2024 motion: the aforementioned "recovery email address" that the "ksimrit8" user provided to Google and that Google, in turn, disclosed to Ward in response to the Court's Order of May 9, 2024. (Doc. 59). According to Ward, that recovery email address is "kimberly.randall@gmail.com." (Doc. 125 at 2). At least as Ward describes it, the username in the recovery email address appears to correspond to former Defendant Kimberly Randall. Indeed, Ward asserts that he "recognizes" the recovery email address and "has had over 50 email communications with Kimberly Randall" at that very address. *Id.* at 3. Based on this, Ward asserts that Randall posed as Kaur and "used" the "ksimrit8@gmail.com" address to "mask her identity in a harassing and stalking campaign against [him] over the course of more than two years." (Doc. 126 at 2, ¶ 5). So, as

5

mentioned at the start, Ward asks the Court to order a substitution of parties—Randall for Kaur—and appoint an attorney to help Ward serve Randall with the relevant court papers.

On the service front, the Court notes that it has made *two* attempts to serve Randall, through the United States Marshals Service, with Ward's April 2025 motions and the related Orders. Neither attempt succeeded. In May 2025, the Court ordered mail service at the Jonesboro address listed on Randall's executed service return. (Doc. 146). But in July 2025, the Court was notified that the United States Postal Service returned the parcel to the Marshals Service and marked it "return to sender, not deliverable as addressed, unable to forward." (Doc. 147) (capitalization omitted). The Court then ordered *personal* service on Randall at the same Jonesboro address, although noting that the service documents should omit a potentially erroneous apartment number used in the mail-service attempt. (Doc. 148). But on August 6, 2025, the Court was notified that the service return was filed on the docket as "[u]nexecuted as to Kimberly Randall" (Doc. 151). The return indicated that, despite trying to do so on July 22, 2025, the Marshals Service was "unable to locate the individual . . . named above" (*i.e.*, Kimberly Randall). *Id.* The return also bore this handwritten remark: "Homeowner stated Kimberly does not live there." *Id.* Thus, it appears to the Court that it may not have a current address for Randall.[3]

---

[3] Consequently, the Court has received nothing from Randall in response to the Motion to Substitute and Motion for Service. On May 2, 2025, however, Defendants Copenhaver, Rogers, Moore, and Duncan filed a response stating that they "take no position" on Ward's two Motions. (Doc. 134).

*2. Discussion*

At the outset, the Court acknowledges that Ward likely filed the instant Motion to Substitute because the Court suggested that he do so. As mentioned, Ward requested in October 2024 that Randall "be added back to the case" in light of what he says he learned from Google. (Doc. 100 at 3, ¶ 4). And in denying that motion without prejudice, the Court gave Ward the opportunity to "file a proper motion to substitute parties and serve it in accordance" with the Federal Rules of Civil Procedure. (Doc. 118 at 4).

The reference to a "motion to substitute" obviously implicated Federal Rule of Civil Procedure 25, which the Court cited in its prior Order. *Id.* at 3. But on further reflection, the Court now concludes that (1) in these particular circumstances, "substitution" is not a viable procedural option for Ward under Rule 25 or any other law; and (2) if Ward wishes to reinstate Randall as a party-defendant, he can pursue that relief only through Rule 15's amendment process. Accordingly, the Court will deny the Motion to Substitute but without prejudice to Ward's ability to file a Rule 15 motion for leave to amend for the purpose of filing a Second Amended Complaint that includes Randall as a defendant. As a result, the Court also will deny the Motion for Service (and any relief requested in the Supplement) as moot and without prejudice to Ward's ability to file a similar motion, again, should he seek and receive leave to amend and require counsel's assistance in serving a future pleading.

*a. Motion to Substitute*

The substitution of a party in federal court is generally controlled by Rule 25, which "provides, in four subsections, for the substitution of parties if a party has died, become

incompetent, or transferred its interest, or if a public officer has been succeeded by someone else." 7C Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, Federal Practice and Procedure: Civil 3d § 1951 at 649 (2007) (footnote omitted); *see* 6 Moore's Federal Practice § 25.02 at p. 25-6 (3d ed. 2025) (similarly observing that "Rule 25 authorizes substitution only in" the "four" specified "circumstances") (footnote omitted).[4]

Here, in seeking to "substitute" Randall for Kaur, Ward does not say that Kaur has died or become incompetent, has transferred an interest to Randall, or was a public officer whom Randall succeeded. Thus, "[n]one of the circumstances" in which Rule 25 substitution "is appropriate" is "present in this case." *Arriaga v. Centurion of Arizona*, No. CV-20-00084, 2020 WL 6545125, *2 (D. Ariz. Nov. 6, 2020) (M.J. Rec.) (denying substitution), *adopted*, 2021 WL 1923755, *1 (D. Ariz. May 12, 2021) (substitution was "not the proper remedy" where "none of the circumstances justifying substitution of a party in a civil matter existed").

Instead, the circumstances here involve a fictitious defendant—"Kaur," which the Amended Complaint makes clear is an "alias," Am. Compl. at 1–2, & 5, ¶ 11—and an assertion by Ward that Randall is really Kaur and, thus, should be "substituted" for that fictitious defendant. Rule 25, however, "is inapplicable if a change of parties is desired for some reason *other than* one of the four circumstances to which the rule is addressed," including where, as here, the "reason" is a desire to replace a fictitious defendant with an

---

[4] Federal statutes also may provide for substitution of parties in certain circumstances. *See*, *e.g.*, 28 U.S.C. § 2679(d)(2) (providing for United States' substitution as party-defendant in place of federal employees sued in tort for conduct undertaken in scope of employment). Such circumstances are not present here, and Ward does not assert a statutory basis for the requested substitution.

actual person. Wright, Miller, & Kane, *supra*, at 650 (footnote omitted; emphasis added); *see Hinton v. Clark County*, No. CV-S-03-0057, 2005 WL 8161410, *6-7 (D. Nev. May 12, 2005) (Rule 25 did not apply to plaintiff's request to replace John Doe defendants with officers' true names, and amendment request was untimely under scheduling order); *see also Morgan v. Childrens Home Soc'y of N. Carolina, Inc.*, No. 1:11CV31, 2011 WL 2532807, *1 (W.D.N.C. June 24, 2011) (Rule 25 was "not applicable" where plaintiff sought "to substitute parties because she sued the wrong governmental entity"); *Burns v. Phillips*, 50 F.R.D. 187, 188 (N.D. Ga. 1970) (Rule 25 did not provide "the proper procedure" where requested substitution did not "fall within any of the foregoing categories"); *Schwartz v. Metropolitan Life Ins. Co.,* 2 F.R.D. 167, 167 (D. Mass. 1941) (denying substitution as Rule 25 "only . . . cover[s] specific cases," and none of those "exigencies arise here").

For these reasons, Rule 25 does not permit the requested substitution. Ward does not argue otherwise in the Motions and Supplement now before the Court. In fact, Ward does not even cite Rule 25, let alone explain how it provides for substitution in the present circumstances. Although Ward cites Federal Rule of Civil Procedure 15(c), it is irrelevant to substitution. (Doc. 126 at 3). "Rule 15(c) governs the 'relation back' of amended pleadings only for the purpose of the statute of limitations, which is simply not implicated" at this point "in this case." *Farber v. Wards Co., Inc.*, 825 F.2d 684, 689 (2d Cir. 1987); *see Morlan v. Universal Guar. Life Ins. Co.*, 298 F.3d 609, 617 (7th Cir. 2002) ("The only significance of relation back is avoidance of the bar of the statute of limitations, . . . and that is not an issue here."). Accordingly, in its discretion, this Court will deny Ward's

Motion to Substitute. (Docs. 125–126); *see Froning's, Inc. v. Johnston Feed Serv., Inc.*, 568 F.2d 108, 110 n.4 (8th Cir. 1978) (stating that "[t]he decision whether to substitute parties lies within the discretion of the trial judge," who "may refuse to substitute parties in an action even if one of the parties so moves"); *accord Benacquisto v. American Express Fin. Corp.*, 44 F.4th 741, 744 (8th Cir. 2022); *In re Baycol Prods. Litig.*, 616 F.3d 778, 783 (8th Cir. 2010).

As Ward lacks a substitution avenue, if he wishes to add Randall as a defendant in place of Kaur, his only recourse is to file a motion for leave to amend under Rule 15. *See* Wright, Miller, & Kane, *supra*, at 650–651 (explaining that, when Rule 25 does not provide for the "desired" "change of parties," it may be "necessary . . . to consult Rule 15, on amendments") (footnote omitted).[5] If Ward exercises that option, the Court instructs him to attach a copy of his proposed Second Amended Complaint to his motion for leave to amend. It also cautions Ward that, if he reasserts in his proposed new pleading any claim previously dismissed at the screening stage, any such claim will be subject to immediate dismissal again.

### b. Motion for Service

As the Court will deny the Motion to Substitute, it also will deny the Motion for Service as moot. Unless and until Ward seeks and receives leave to amend so as to name

---

[5] *Accord* Moore's Federal Practice, *supra*, § 25.02 at pp. 25-6 to 25-7; *Crown Point Partners LLC v. Crown Point Plan Comm'n*, 275 F.R.D. 279, 281 (N.D. Ind. 2011); *see also Arriaga*, 2020 WL 6545125, at *2 (M.J. Rec.) (where Rule 25 did not allow plaintiff "to name Nurse Westlake as a party, the appropriate mechanism to attempt to do so is a properly filed, timely motion to amend," which "must comply with Fed. R. Civ. P. 15 and LRCiv 15.1(a)" and include the proposed new pleading with a redline identifying the changes), *adopted*, 2021 WL 1923755, at *1 (plaintiff could "seek to add" defendant only through Rule 15 amendment "process").

Randall as a defendant in a Second Amended Complaint, Ward has no obligation to serve any court filing on Randall (who, for now, remains dismissed). Thus, Ward cannot demonstrate a need for court-appointed counsel to assist with service of any process on Randall (and nothing in the Supplement shows otherwise). If Ward is permitted to name Randall as a defendant in a Second Amended Complaint, he may file another service-related motion then, in which case the Court will revisit the issue.

IT IS THEREFORE ORDERED THAT:

1. Plaintiff's Motion to Substitute Kimberly Randall in Place of Defendant Simrit Kaur is DENIED. (Doc. 125).

2. Plaintiff's Motion for Service for Kimberly Randall & Motion to Appoint Attorney for the Limited Purpose of Service upon Kimberly Randall, and any request for relief in Plaintiff's Supplement to Motion for Service on Defendant Kimberly Randall, are DENIED as moot. (Docs. 127, 157).

SO ORDERED this 20th day of August, 2025.

*Benecia Moore*
UNITED STATES MAGISTRATE JUDGE