FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

SEP 23 2025

TAMMY H. DOWNS, CLERK
By: _____
DEP CLERK

# IN THE UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF ARKANSAS , NORTHERN DIVISION

STEPHEN WARD                                    PLAINTIFF

V.          Case No. 3:22-CV-00250-LPR

HAROLD COPENHAVER, et al.                    DEFENDANTS


**PLAINTIFF'S POST DISCOVERY MOTION FOR DEFAULT JUDGMENT, SANCTIONS, AND ADVERSE INFERENCE AGAINST DEFENDANTS TREVATHAN, TURNER, AND HIVELY; OR, IN THE ALTERNATIVE, FOR INTERLOCUTORY CERTIFICATION UNDER 28 U.S.C. § 1292(b) AND INCORPORATED BRIEF**

1. Plaintiff Stephen Ward asks this Court for entry of default judgment, sanctions, and adverse inference instructions against Defendants Lisa Trevathan, Wanda Turner, and Melissa Hively. Each has destroyed evidence,withheld evidence, failed to participate, and abandoned their defense by refusing to respond to multiple properly filed motions.

2. Discovery is complete as to these defendants. Each has either sworn that no further communications exist, admitted destruction, or defaulted outright. There is nothing left to compel.

3. The coordinated timing and scope of destruction by Trevathan, Turner, and Hively demonstrates deliberate spoliation designed to protect co-defendants Copenhaver, Duncan, Rogers, Moore, and Randall/Simrit. The prejudice extends across the case, and so must the remedy

4. The prejudice is irremediable. The lost communications cannot be recreated. No lesser sanction can restore Plaintiff to the position he would have been in had the defendants obeyed discovery and preservation duties

5. Defendants Trevathan and Turner destroyed evidence even after Plaintiff issued written litigation hold notices on Oct 5, 2022 and the automatic triggers when Plaintiff notified them he would sue them prior to July 2022. Their conduct therefore meets the standard for intentional spoliation under Rule 37(e)(2).

6. The coordinated spoliation and refusal to participate constitutes fraud upon the Court because it subverts the judicial process and prevents the Court from adjudicating the case on a full and truthful record.

7. Because the destroyed communications necessarily included exchanges with Harold Copenhaver, Carol Duncan, Larry Rogers, Jeffrey Moore, and Kimberly Randall/Simrit Kaur, adverse inference must be applied equally to those defendants. Otherwise, the Court rewards one set of defendants for allowing their co-conspirators to do their destruction for them

8. Under Fed. R. Civ. P. 8(b)(6), allegations not denied are deemed admitted. Because these defendants have not responded, the allegations in Plaintiff's motions stand admitted as a matter of law.

9. Permitting deliberate destruction and silence to go unpunished would erode confidence in the judicial process. Strong sanctions are required to vindicate the Court's authority and deter similar misconduct.

10. The Court may and should take judicial notice of its own docket, which confirms months of silence from Trevathan, Turner, and Hively." *Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005)

11. Allowing spoliators to escape sanction deprives Plaintiff of his due process right to a meaningful opportunity to be heard." *Sentis Group, Inc. v. Shell Oil Co.*, 559 F.3d 888, 898 (8th Cir. 2009); *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976)

12. This Court has inherent power to sanction spoliation to protect the integrity of its proceedings." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45–46 (1991); *Bass v. Gen. Motors Corp.*, 150 F.3d 842, 851 (8th Cir. 1998)

13. Where defendants act in concert to destroy or conceal evidence, sanctions may apply jointly to the entire group." *Sentis Group, Inc. v. Shell Oil Co.*, 763 F.3d 919, 925 (8th Cir. 2014)

14. Once spoliation is established, the burden shifts to the spoliator to prove harmlessness , a burden these defendants have conceded by silence." *Stevenson v. Union Pac. R.R. Co.*, 354 F.3d 739, 748–49 (8th Cir. 2004).

15. Sanctions are required not only to remedy prejudice here but to deter future misconduct." *Keefer v. Provident Life & Accident Ins. Co.*, 238 F.3d 937, 940 (8th Cir. 2001)

16. Months of silence in the face of discovery motions constitutes contempt of this Court's authority." *Comcast of Ill. X v. Multi-Vision Elecs., Inc.*, 491 F.3d 938, 946 (8th Cir. 2007).

17. A finding of bad faith is not required where the spoliation itself so severely prejudices the opposing party that fairness demands sanctions." *Stevenson v. Union Pac. R.R. Co.*, 354 F.3d 739, 748 (8th Cir. 2004).

18. A pattern of willful failure to comply with discovery obligations justifies terminating sanctions." *Comstock v. UPS Ground Freight, Inc.*, 775 F.3d 990, 992 (8th Cir. 2014).

19. The public's confidence in the courts requires that parties not be allowed to benefit from discovery abuse." *Bass v. Gen. Motors Corp.*, 150 F.3d 842, 851 (8th Cir. 1998)

20. Failure to timely assert defenses or objections results in waiver." *First Union Nat'l Bank v. Pictet Overseas Tr. Corp.*, 477 F.3d 616, 622 (8th Cir. 2007)

## Lisa Trevathan

21. On September 17, 2025, Trevathan executed a sworn declaration admitting
    that all communications from 2022 are permanently destroyed, including
    emails, text messages, Facebook posts, Messenger communications, group
    chats, and complaints from the community. She confirmed she has nothing
    further to produce and admitted in conversation with Plaintiff that she misled
    the public and apologized. A sworn declaration that confirms destruction
    while omitting key facts is perjury by omission and itself warrants
    sanctions." *Harlan v. Lewis*, 982 F.2d 1255, 1262 (8th Cir. 1993).

## DECLARATION CONCERNING DISCOVERY MATERIALS

I, Lisa Trevathan, declare under penalty of perjury that the following is true and correct.

1. I state that I am not presently withholding or destroying any communications or evidence from Stephen Ward or the Court. I further state that I have already provided to Stephen Ward all items that I still have in my possession and that I have nothing more to give. This declaration is only to clarify what communications have already been disposed of and are no longer recoverable.

2. All communications from the year 2022 are no longer available. This includes emails, text messages, Facebook posts, Facebook Messenger communications, group messages, Facebook group messages, or any other method between myself and Larry Rogers, Carol Duncan, Harold Copenhaver, Jeffrey Moore, Kimberly Randell/Simrit Kaur, Wanda Turner, or members of the community who complained about the pony rides. Attorney Curt Hawkins has confirmed this and I also confirmed this with Plaintiff Stephen Ward when we spoke on the phone September 13, 2025. ( see Curt's statements in his Motion to withdraw doc 145)

3. From January 1, 2022 through the present, additional communications are incomplete or missing, particularly those involving Wanda Turner, Kimberly Randell a/k/a Simrit Kaur, and members of the community who made complaints about the pony rides. Attorney Curt Hawkins has also confirmed that several items were deleted by Lisa. He was able to recover some of these deleted items, however many were not recoverable. ( see Curt's statements in his Motion to withdraw doc 145)

4. During a recent conversation with Stephen Ward, and upon learning that the ponies in question had all required paperwork and were safe, I expressed regret for what I had previously said, posted and told members of the community. I sincerely apologized and stated that if I had understood that the paperwork was complete and the ponies were not in danger, I would have acted differently and informed the community that the ponies were fine.

Executed on this 17 day of 2025

Lisa Trevathan

9-13-25

To Whom It May Concern:

Update to prior Rule 26 conference statement —
Discovery between Steve Ward & myself was completed
from 9-13-25 - 9-18-25

Suggested court date of Oct 20, 2025 is fine with me
if not resolved before.

Thank you for your time
Lisa Trevathan

22. Trevathan has not responded to the following motions:

a. Plaintiff's Motion for Sanctions and to Compel (Docs. 137, 138, filed May 16, 2025);

b. Plaintiff's Motion for Sanctions (Doc. 155, filed August 18, 2025);

c.Plaintiff's Motion for Reconsideration (Doc. 161, filed August 26,, 2025);

d. Plaintiff's Motion for Findings of Fact and Sanctions Preservation (Docs. 166, 167, filed August 27, 2025).

e.Plaintiff's Motion for Sanctions for Spoliation (Doc. 164, filed August 27, 2025)

23.All statements and factual assertions in those motions are deemed admitted due to her failure to respond under Local Rule 7.2 and Federal Rule 56(e).

**Wanda Turner**

24.Turner is already in default. Plaintiff filed a Motion for Default Judgment and Sanctions on May 19, 2025 (Docs. 140, 141). Turner filed no response.

25.Plaintiff filed a Supplemental Brief in Support of Default Judgment on September 2, 2025 (Doc. 174). Turner filed no response.

26.Plaintiff filed an Additional Supporting Brief on September 2, 2025 (Doc. 175). Turner filed no response.

27.Plaintiff filed a Motion for Sanctions for Spoliation on August 27, 2025 (Doc. 164). Turner filed no response.

28.Plaintiff filed a Motion for Findings of Fact and Sanctions Preservation on August 27, 2025 (Docs. 166, 167). Turner filed no response.

29. Turner has therefore failed to respond to at least five properly filed and served motions directed at her. All factual assertions in those motions are deemed admitted.

30. In addition, Turner admitted directly to Plaintiff in September 17, 2025 that she deleted all text messages, group chats, call logs, and Facebook Messenger communications from January 2022 through September 2025, and that she had been deleting them continuously. She further admitted she has no communications with the public or other defendants from 2022 when she made widely shared Facebook posts about Plaintiff.

31. Here is a youtube video of the recorded phone call including confessions of continuous and intentional  destruction of evidence for 2022-2025 leaving almost no evidence to be discovered except a few odd emails.

https://www.youtube.com/watch?v=RWPCm6OrO2g

**Melissa Hively**

32. Hively has refused to participate at all. Plaintiff filed a Motion to Compel Discovery Responses on August 4, 2025 (Doc. 149). Hively filed no response.

33. Plaintiff served Requests for Admission on August 4, 2025 (Doc. 150). Hively filed no response. Under Rule 36, the Requests are conclusively established

34. Hively also failed to respond to Plaintiff's other pending motions, including Docs. 137, 138, 164, 166, and 167. Each is unrebutted, and the factual assertions therein are deemed admitted.

35. Rule 55 authorizes default judgment where a party fails to plead or defend. Rule 37(b) authorizes default as a sanction for discovery violations. Rule 37(e) authorizes adverse inference and default judgment where electronically stored information is destroyed with prejudice to the opposing party.

36. Rule 55 authorizes default judgment where a party fails to plead or defend. Rule 37(b) authorizes default as a sanction for discovery violations. Rule 37(e) authorizes adverse inference and default judgment where electronically stored information is destroyed with prejudice to the opposing party.

37. The Eighth Circuit has upheld severe sanctions, including default and adverse inference, for spoliation and discovery abuse. *Stevenson v. Union Pac. R.R. Co.*, 354 F.3d 739 (8th Cir. 2004); *Sentis Group, Inc. v. Shell Oil Co.*, 559 F.3d 888 (8th Cir. 2009).

38. By failing to respond to properly filed motions, Trevathan, Turner, and Hively have waived all objections and are judicially estopped from disputing the facts set forth therein. See Fed. R. Civ. P. 8(b)(6); Local Rule 7.2

39. The prejudice to Plaintiff is extreme. The destroyed materials included communications among defendants and with community complainants central to knowledge, coordination, and causation. These included communications with co-defendants Lisa Trevathan,Harold Copenhaver, Carol Duncan, Larry Rogers, Jeffrey Moore, Stan Morris and Kimberly Randall a.k.a. Simrit Kaur.

40. Because Trevathan, Turner, and Hively destroyed evidence directly linking them to the other defendants, the only sanction that cures the prejudice is a case-wide adverse inference that the destroyed communications would have been unfavorable not only to them but also to the other defendants with whom they communicated.

41. The Court referenced October 20, 2025 as a possible trial date (Doc. 160). Plaintiff requests expedited ruling so that these three defendants are resolved now by default judgment, with only a damages hearing remaining.

42. If the Court declines to grant full relief, Plaintiff requests certification under 28 U.S.C. § 1292(b), as the issues present controlling questions of law regarding spoliation sanctions and default. Denial will irreparably prejudice Plaintiff and leave no adequate remedy after final judgment.

Non-Party Witness Intimidation and Witness Tampering by Kimberly Randall

43. Although the Court denied the Plaintiff's Motion to reinstate non Defendant Kimberly Randall (Doc. 159), her conduct continues to bear directly on these proceedings. On September 13, 2025, just days after Plaintiff filed his Motion for Fraud Upon the Court, Randall sent threatening messages to Defendant Lisa Trevathan, a material witness and who could provide testimony against Wanda Turner, Larry Rogers, Jeffrey Moore, Carol Duncan and Harold Copenhaver.

44. In those communications, Randall personally attacked Trevathan, accused her of betrayal, and warned her of legal trouble should she cooperate with Plaintiff further. This was a deliberate attempt to silence and intimidate a cooperating witness the day of the "scheduling confernce between Lisa Trevathan and Defendant Stephen Ward. This was an absolute attempt by the other Defendants through Kimberly Randall to remind Lisa that they are

watching and there will be consequences in the event that she cooperates with the Plaintiff. I do feel like Lisa may have been holding back because of it.  Lisa's testimony and disclosures against Wanda Turner, Kimberly Randall, Carol Duncan, Larry Rogers, Jeffey Moore and Harold Copenhaver have revealed the behind-the-scenes coordination involved in shutting down the pony rides, The Defendants controlling the evidence and testimony of others, and have been critical to pursuing the remaining defendants in this case. This is laughable in some ways as Kimberly Randall has provided 100s of pieces of evidence and testimony against these same Defendants that she is now protecting. Seems like Kimberly Randall may be playing both sides.

45. As documented in Plaintiff's Amended Motion for Fraud Upon the Court, Randall in her alias Simrit Kaur admitted to paying Shawntay Ervin in connection with testimony regarding this case. Such conduct is the very definition of witness tampering and fraud upon the court.

4:38                    .ıll LTE

 **Kimberly Nichole**

SEP 13 AT 11:10 AM

You're really not a very nice person, Lisa. I don't know you beyond Facebook and have never had contact with you outside of maybe discussing animals. I've never said a negative word about you... or talked about you at all, actually. Literally, never. Yet, you have been so nasty and I don't know why. The gossip, screenshots, half truths and blatant lies are just plain mean. When everyone said you were crazy, you lied to your own attorney, used a friend to try ↓ coerce a free attorney, etc., I said

This person is unavailable on Messenger.
**More options**

4:38                          ‎‎.ıl LTE ▱

‹    **Kimberly Nichole**

own attorney, used a
friend to try to coerce a
free attorney, etc., I said
nothing because I don't
know you and there are
always two sides to
every story. But, the fact
that you have repeatedly
and continually been so
underhanded, sneaky
and dishonest says a lot.

I still have not discussed
you with anyone and
don't intend to. I would
appreciate if you'd give
me the same courtesy.
That said, your history of
being malicious,
unethical and deeply
dishonest suggests you
lack the moral compass
to comply v ↓ this
request. And that's fine. I

This person is unavailable on Messenger.
More options

 **Kimberly Nichole**

lack the moral compass to comply with this request. And that's fine. I expect nothing less from someone with your well known reputation for being an attention seeking snd untrustworthy person.

I've spoken with law enforcement and they've encouraged me to file a report. I suggest you leave me alone and end your ridiculous parade of lies. You literally do not know me yet you gossip. It's not only weird, it's flat out creepy and is far beyond the realm of normal behavior.



It may be in your best

This person is unavailable on Messenger.
**More options**

4:38     LTE

 **Kimberly Nichole**

It may be in your best
interest to stay out of
legal trouble as I doubt
you'll be able to trick
another attorney like
Curt into providing you
with free legal
representation...
especially after he had
to fire you because he,
too, recognized your
penchant for lying,
manipulating and
fabricating.

In short, please get a life
of your own and stay out
of other people's...
especially those who
don't even know you nor
do they want to. You are
weird, creepy and your
behavior has gotten to
the point of being just

This person is unavailable on Messenger.
**More options**

4:39    ⬤⬤⬤ 5G

 **Kimberly Nichole**

you'll be able to trick
another attorney like
Curt into providing you
with free legal
representation...
especially after he had
to fire you because he,
too, recognized your
penchant for lying,
manipulating and
fabricating.

In short, please get a life
of your own and stay out
of other people's...
especially those who
don't even know you nor
do they want to. You are
weird, creepy and your
behavior has gotten to
the point of being just
plain scary. Seek help.



This person is unavailable on Messenger.
**More options**

45. More than a year ago, Plaintiff was informed by non-defendant Stan Morris that the Defendants knew who Simrit Kaur was concerning doc 27 and of the defendants' coordination, group chats, and collaborative efforts to conceal that fact and destroy evidence.

Plaintiff has since confirmed the existence of these group communications and obtained direct screenshots showing the Defendants discussions with Simrit Kaur aka Kimberly Randall and coordination, defamation, and concealment of evidence from the Defendants Turner, Duncan and Copenhaver.

1. The screenshots were unmistakably taken from the device of Simrit Kaur, aka Kimberly Randall, and were provided to Plaintiff. Nevertheless, Randall has sought to shift blame by attacking Lisa Trevathan and attempting to portray her as the source of the disclosures.

2. Kimberly Randall, aka Simrit Kaur, has furnished Plaintiff with hundreds of pieces of evidence, much of it directly incriminating and tied to defendants employed by the City of Jonesboro. Portions of this material are incorporated into Plaintiff's Motion for Fraud Upon the Court and Amended Motion for Fraud Upon the Court. ( doc 182 & Amended Motion that has not been docketed yet as its in the mail).



On Sun, Jul 28, 2024, 11:58 PM Simrit Kaur <ksimrit8@gmail.com> wrote:
One more thing PEDOPHILE! Don't forget that I, Kimberly Nicole Randall, perjured!

On Sun, Jul 28, 2024 at 11:44 PM Simrit Kaur <ksimrit8@gmail.com> wrote:
okie dokie



Tick tock  Inbox

sw wa
I cant wait to add you, your spouse and businesses to my case

Sat, May 18, 6:07 PM

42

Simrit Kaur
to me

1:15 PM (12 minutes ago)

Lmao why cant you grasp that i dont live in the us? Really? Why is that so difficult for you? Not to mention you dont live in arkansas so why are you citing arkansas laws? Ignorant moron. You are a waste of life. If you dont think she talks bad about you then youre even more stupid than I thought. Its amazing how easy it is to get people to talk when you wave a little money at them. She said she tried to let you down easy but youve been harassing her ever since. She said shes got a new man whose tiny penis isnt covered by a huge gut. apparently its like a turtle sticking its tiny head out of a shell.

8/16/25, 4:57 PM                                                              Gmail - (no subject)

Simrit Kaur <ksimrit8@gmail.com>                                          Wed, Jul 31, 2024 at 8:41 AM
To: sw wa <musicscary0@gmail.com>

Youre at the gulf coast. Thats not a real beach lmao. Muddy water full of broke rednecks and trash. Suits you just right. You probably never have even seen a real beach. The fact that you believe her is hysterical. Money talks it always has and always will. And my money got her and others talking.

Simrit Kaur <ksimrit8@gmail.com>                                          Fri, Oct 14, 2022 at 7:44 AM
To: sw wa <musicscary0@gmail.com>

I will show you nothing, I will tell you nothing and you will never see any of my or anyone else's private correspondence. Its not a "real" case. It's a piece of paper that you waddled into the office and had stamped. That's literally all it is. It won't ever see the light of day. I do wish it would because it would be hysterical to see a judge tell you how moronic you are.

3. Together, Randall's actions amount to ongoing obstruction of justice. They

constitute violations of 18 U.S.C. § 1512(b)–(d) (intimidation and

harassment of witnesses) and 18 U.S.C. § 1503 (obstruction of justice). The Eighth Circuit has made clear that interference with witnesses is sanctionable at the highest level. See *Harlan v. Lewis*, 982 F.2d 1255, 1259 (8th Cir. 1993).

4. While the Court has dismissed Kimberly Randall as a party, it retains inherent authority to sanction non-parties whose misconduct obstructs the administration of justice. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45–46 (1991).

5. Randall's conduct directly corroborates the statements of Stan Morris concerning the coordinated nature of the defendants' bad-faith intentions and extraordinary misconduct. In doing so, Randall acted in furtherance of the interests of Wanda Turner, Carol Duncan, Harold Copenhaver, Jeffrey Moore, Melissa Hively, and Larry Rogers. Her attempt to intimidate and silence Defendant Lisa Trevathan , a cooperating defendant and material witness against Turner, Duncan, and Rogers , further confirms the existence of the conspiracy and the defendants' ongoing pattern of obstruction.

WHEREFORE, Plaintiff respectfully requests that this Court:

1.  Enter default judgment against Defendants, Wanda Turner, Lisa Trevathan, and Melissa Hively, finding them liable on all claims asserted in the Complaint..

2.  Order that all factual assertions in Plaintiff's unrebutted motions (Docs. 137, 138, 140, 141, 149, 150, 155, 164 are deemed admitted.Enter default judgment on liability, 166, 167, 174, 175)and are also deemed admitted by Defendants Lisa Trevathan, Wanda Turner, and Melissa Hively

3.  Strike the pleadings and defenses of Trevathan, Turner, and Hively

4.  Deem Melissa Hively's Requests for Admission conclusively established under Rule 36.

5.  Impose adverse inference sanctions case-wide that the destroyed communications would have been unfavorable to Trevathan, Turner, Hively, Copenhaver, Duncan, Moore and Rogers.

6.  Preclude defendants Lisa Trevathan, Wannda Turner,Melissa Hively, Harold Copenhaver, Carol Duncan, Jeffrey Moore and Larry Rogers.from offering testimony or evidence contrary to the adverse inference.

7.  Expedite ruling of this motion and ORDER these defaults in light of the October 20, 2025 trial date recommendation from Judge Moore in ( Doc 160).The Plaintiff and Lisa Trevathan accepts the invitation for a trial and asks that it be in the form of the damages hearing by jury for Wanda Turner,

Melisa Hively and Lisa Trevathan only. The Plaintiff asks that this be a video hearing. The Plaintiff wishes to schedule the trial with Harold Copenhaver, Carol Duncan, Jeffrey Moore and Larry Rogers at a later date.

8. (1) Find that non-party Kimberly Randall engaged in witness tampering and intimidation by threatening Defendant Lisa Trevathan after Plaintiff's fraud-upon-the-court filing, and by admitting to paying Shawntay Ervin for testimony;

9. (2) Hold that Randall's actions were undertaken in furtherance of, and on behalf of, Defendants Wanda Turner, Larry Rogers, Carol Duncan, Jeffrey Moore, Melissa Hively, and Harold Copenhaver, all of whom coordinated with Randall in the conspiracy;

10. (3) Draw adverse inferences against Turner, Rogers, Duncan, Moore, Hively, and Copenhaver based on Randall's misconduct, as her intimidation and tampering confirm a coordinated effort by these defendants to obstruct discovery and silence witnesses; and

11. (4) Refer Kimberly Randall's conduct to the United States Attorney for investigation and potential prosecution under 18 U.S.C. §§ 1512(b)–(d) and 1503, as her actions constitute criminal obstruction of justice.

12. Plaintiff requests an order prohibiting all defendants, agents, or associates from communicating ex parte with any potential witness about this litigation, except through counsel and with immediate notice to Plaintiff.

13. Plaintiff requests that the Court order Duncan, Copenhaver, Moore, Rogers,Trevathan, Turner, Hively,to file under oath, within 7 days, device-specific affidavits detailing what devices/backups they possess/ possessed, what was preserved, and what was destroyed (with production and destruction dates and details of destruction), under penalty of perjury.

14. Plaintiff requests that the Court consider the misconduct of Copenhaver, Duncan, Rogers, Moore, and Turner together with the intimidation campaign carried out through Kimberly Randall, as further evidence of coordinated obstruction and fraud upon the court.

15. Plaintiff requests that the Court certify that the conduct of Copenhaver, Duncan, Rogers, Moore, and Turner, combined with the admitted destruction of evidence, constitutes a pattern of bad faith sufficient to warrant dispositive sanctions and default judgment.

16. To allow this case to linger any further would reward fraud upon the Court; justice requires that the defendants be held to account now, with liability fixed and only damages remaining for trial.

17. Plaintiff further requests that the Court expressly recognize that the conspiracy exist by the defendants' own admissions, concealments, and destruction of evidence; that the destruction and withholding of evidence by Trevathan, Turner, and Hively necessarily implicated and prejudiced Plaintiff with respect to co-defendants Copenhaver, Duncan, Rogers, and Moore; that the corroborating screenshots confirm the existence of coordinated group chats and concealment; and that the coordinated intimidation of Lisa Trevathan establishes consciousness of guilt across the defendants. Plaintiff asks the Court to declare liability established, impose adverse inferences against Duncan, Copenhaver, Turner, Trevathan, Hively,Rogers and Moore, and proceed directly to a damages hearing.

18. In the alternative, should any portion of this relief be reconsidered, denied, or delayed, the Court certifies under 28 U.S.C. § 1292(b) that this Order involves controlling questions of law as to which there is substantial ground for difference of opinion, and that immediate appeal may materially advance the ultimate termination of this litigation.

19. Because the relief sought is dispositive and directed to entry of judgment and sanctions, this matter is properly decided by the Article III District Judge and not by referral to a Magistrate Judge

20. Plaintiff is further granted leave, in the event of denial, delay, or refusal to rule, to pursue relief by way of petition for writ of mandamus in the United States Court of Appeals for the Eighth Circuit to protect his right to meaningful review and prevent irreparable prejudice.

21. Grant such further relief as the Court deems just and proper.

Stephen Ward

128 Barnett

Sikeston Mo 63801

musicscary0@gmail.com

CERTIFICATE OF SERVICE

I attest that on Sept 19, 2025 I sent the PLAINTIFF'S POST DISCOVERY MOTION FOR DEFAULT JUDGMENT, SANCTIONS, AND ADVERSE INFERENCE AGAINST DEFENDANTS TREVATHAN, TURNER, AND HIVELY; OR, IN THE ALTERNATIVE, FOR INTERLOCUTORY CERTIFICATION UNDER 28 U.S.C. § 1292(b)

To KWren@arml.org

Lisa@neahs.org

Wannda Turner

412 CR 763

Brookland, AR 72417

Melissa Kathryn Morrison

1016 Kitchen Street

Jonesboro, AR 72401

Stephen Ward

128 Barnett

Sikeston Mo 63801

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF ARKANSAS , NORTHERN DIVISION

STEPHEN WARD                                        PLAINTIFF

V.          Case No. 3:22-CV-00250-LPR

HAROLD COPENHAVER, et al.                      DEFENDANTS

### PROPOSED ORDER

Before the Court is Plaintiff Stephen Ward's *Post Discovery Motion for Default Judgment, Sanctions, and Adverse Inference Against Defendants Trevathan, Turner, and Hively; or, in the Alternative, for Interlocutory Certification under 28 U.S.C. § 1292(b).* Having considered the record, the unrebutted motions previously filed, and the evidence of spoliation and obstruction, the Court finds as follows:

1. Defendants Lisa Trevathan, Wanda Turner, and Melissa Hively have each failed to comply with discovery obligations, destroyed evidence, ignored litigation hold duties, and abandoned their defenses by failing to respond to multiple properly filed motions.

2. Defendant Wanda Turner is in default. Defendant Melissa Hively is deemed to have admitted all Requests for Admission under Fed. R. Civ. P. 36.

Defendant Lisa Trevathan has admitted under oath that she destroyed or failed to preserve all communications from 2022 and beyond.

3. The coordinated spoliation and refusal to participate constitute fraud upon the Court and have caused irreparable prejudice to Plaintiff.

4. The destroyed communications necessarily included exchanges with other defendants, including Harold Copenhaver, Carol Duncan, Larry Rogers, and Jeffrey Moore. Adverse inference sanctions must therefore apply case-wide.

5. Non-party Kimberly Randall, a/k/a Simrit Kaur, engaged in conduct amounting to witness intimidation and tampering, including threats to Defendant Lisa Trevathan and admission of paying a witness in connection with this case. The Court retains inherent power to sanction non-party misconduct that obstructs justice.

IT IS ORDERED THAT:

A. Default judgment is entered against Defendants Wanda Turner, Lisa Trevathan, and Melissa Hively on all claims.

B. All factual assertions in Plaintiff's unrebutted motions (Docs. 137, 138, 140, 141, 149, 150, 155, 164, 166, 167, 174, 175) are deemed admitted as a matter of law.

C. The pleadings and defenses of Defendants Trevathan, Turner, and Hively are stricken.

D. Case-wide adverse inference sanctions are imposed, finding that the destroyed communications would have been unfavorable to Trevathan, Turner, Hively, Copenhaver, Duncan, Rogers, and Moore.

E. Defendants Trevathan, Turner, Hively, Copenhaver, Duncan, Rogers, and Moore are precluded from offering testimony or evidence contrary to these adverse inferences.

F. A damages hearing by jury is set for October 20, 2025 via videoconference concerning Defendants Trevathan, Turner, and Hively.

G. The conduct of Kimberly Randall a/k/a Simrit Kaur is referred to the United States Attorney for investigation and potential prosecution under 18 U.S.C. §§ 1512(b)–(d) and 1503.

H. Defendants Copenhaver, Duncan, Rogers, and Moore are ordered to file under oath, within 7 days, device-specific affidavits detailing what devices/backups they possessed, what was preserved, and what was destroyed, under penalty of perjury.

I. In the alternative, should any portion of this relief be reconsidered, denied, or delayed, the Court certifies under 28 U.S.C. § 1292(b) that this Order involves

controlling questions of law as to which there is substantial ground for difference of opinion, and that immediate appeal may materially advance the ultimate termination of this litigation.

SO ORDERED this ___ day of September, 2025.

_____

Hon. Lee P. Rudofsky

United States District Judge