IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

STEPHEN WARD                                                    PLAINTIFF

v.                          Case No. 3:22-cv-00250-LPR-BBM

HAROLD COPENHAVER, *et al*.,                                    DEFENDANTS

## ORDER ON PLAINTIFF'S DISCOVERY MOTIONS

In October 2023, Plaintiff Stephen Ward filed, *pro se*, an Amended Complaint, asserting multiple claims against 10 defendants. (Doc. 10) ("Am. Compl."). As to seven of them—Defendants Harold Copenhaver, Carol Duncan, Larry Rogers, Jeffrey Moore, Wannda Turner, Melissa Hively, and Lisa Trevathan—Ward has filed motions requesting that the Court compel discovery, impose discovery-related sanctions, or both. (Docs. 121–122, 133, 135–138, 149–150, 155–156, 164–165, 179). Having carefully reviewed the parties' filings, the entire record, and the relevant law, the Court will deny Ward's discovery motions for the reasons that follow.

## I.    BACKGROUND

Ward alleges in his Amended Complaint that local government officials in Jonesboro, Arkansas, allegedly in cahoots with private citizens, "shut down" Ward's "panhandling" activities that consisted of him selling "pony rides" in parking lots near Jonesboro businesses. Am. Compl. at 8–10, ¶¶ 23–29. In March 2024, the Court screened the Amended Complaint under 28 U.S.C. § 1915, dismissing some claims and allowing others to proceed. (Doc. 14 at 2–3). Among the claims to survive the screening process

were (1) certain statutory claims asserted against Copenhaver, Duncan, Rogers, Moore, and Turner under 42 U.S.C. § 1983; 42 U.S.C. § 1985; the Arkansas Freedom of Information Act (FOIA), 25 Ark. Code Ann. §§ 25-19-101 to 25-19-112; or some combination thereof; and (2) certain state-law defamation claims asserted against Turner, Hively, and Trevathan.[1]

Copenhaver, Duncan, Rogers, and Moore answered the Amended Complaint in April 2024. (Doc. 33). Hively did so in August 2024. (Doc. 85). Trevathan unsuccessfully sought dismissal under Federal Rule of Civil Procedure 12 and then timely filed her answer in April 2025. (Docs. 31–32, 73, 104, 108, 116). As for Turner, she filed a Rule 12 dismissal motion in September 2024, which the Court denied on March 20, 2025. (Docs. 93, 96, 104, 108). Her answer was due 14 days later. FED. R. CIV. P. 12(a)(4)(A). To date, Turner has neither filed an answer nor sought an extension of time in which to do so. Consequently, on April 17, 2025, the Clerk of Court issued a default against her under Federal Rule of Civil Procedure 55(a). (Doc. 123). On May 19, 2025, Ward filed a motion for default judgment against Turner under Federal Rule of Civil Procedure 55(b). (Docs. 140–141). Turner has yet to respond to that motion, which is still pending with the Court and will be addressed by separate order.

---

[1] *See* Am. Compl. at 65, 72, 74, ¶¶ 96(b), 100(g), 102(b) (asserting FOIA claims in Count I); *id.* at 80–88, ¶¶ 109–131 (§§ 1983 and 1985 claims in Count II); *id.* at 95–102, ¶¶ 151–179 (defamation claims in Count IV). The Amended Complaint and Screening Order referred to Hively as "Melissa Kathryn Morrison." (Docs. 10, 14). According to Hively's answer, however, that name is incorrect. (Doc. 85). Ward acknowledged as much in a prior motion when he requested that "all references to Melissa Morrison be updated to Melissa Hively" (Doc. 100 at 3, ¶ 7). Accordingly, just as the docket now does, this Order refers to this Defendant as "Melissa Hively."

The present discovery disputes arise from six motions that Ward filed from April to August of 2025, seeking relief under Federal Rule of Civil Procedure 37 for the above-named Defendants' alleged discovery violations (including, for three Defendants, their alleged failures to respond to Ward's discovery requests under Federal Rules of Civil Procedure 33, 34, or 36). Those motions are as follows:

- an April 16 motion to compel Moore to respond to Ward's Rule 34 document requests and further seeking sanctions against Moore for his alleged non-response (a motion that Moore opposed on April 30) (Docs. 121–122, 133);

- another request for sanctions (that Ward incorporated into his May 8 reply in support of the above motion, Doc. 121) against Moore and his counsel, M. Keith Wren, based on their alleged failure to participate in discovery planning and their alleged spoliation of evidence (Docs. 135–136);

- a May 16 motion to compel Turner to answer Ward's Rule 33 interrogatories, to compel her response to his Rule 34 document requests, and to deem "admitted" his Rule 36 admission requests, and further seeking sanctions against Turner for her alleged failures to respond to Ward's discovery requests and to participate in discovery planning (Docs. 137–138);

- an August 4 motion to compel Hively to answer Ward's Rule 33 interrogatories and respond to his Rule 34 document requests and to deem "admitted" his Rule 36 admission requests (Docs. 149–150);

- an August 18 motion seeking sanctions against Trevathan for alleged spoliation of evidence (Docs. 155–156); and

- an August 27 motion seeking sanctions against Copenhaver, Duncan, and Rogers (and, once again, against Moore and Trevathan) for alleged spoliation of evidence—a motion that Copenhaver, Duncan, Rogers, and Moore opposed on September 9 (Docs. 164–165, 179).

On August 21, 2025, this Court filed an Initial Scheduling Order ("ISO") under Local Rule 16.1, setting deadlines for the parties to hold a discovery conference and file a report of their discovery plan as required by Federal Rule of Civil Procedure 26(f). (Doc.

160). As stated in the ISO, the parties were required to hold a Rule 26(f) discovery conference by September 19, 2025, and to file their post-conference report with the Clerk of Court by October 6, 2025. *Id.* at 2. The Final Scheduling Order issued on October 15, 2025. (Doc. 198).

## II.    DISCUSSION

The Court will deny Ward's motions to compel and certain related parts of his sanctions motions based on the so-called "discovery moratorium" in Federal Rule of Civil Procedure 26(d)(1) or because, for now, sanctions are unwarranted. The Court will also deny Ward's spoliation-related sanctions motions as premature and without prejudice to Ward's ability to refile those motions later. Before delving into those discovery issues, however, the Court finds it necessary to address a few preliminary procedural matters.

### A.    Local Rule 7.2

#### 1.    Failure to Respond to Pending Motions

As mentioned, Copenhaver, Duncan, Rogers, and Moore opposed Ward's August 27 sanctions motion. (Doc. 179). Moore also opposed the April 16 motion to compel his document production and for related sanctions, invoking the discovery moratorium. (Doc. 133). But Moore did not respond to the other sanctions request, incorporated into Ward's May 8 reply, which accused Moore and his counsel of spoliation and refusing to engage in discovery planning. (Doc. 135). Nor have Turner, Hively, or Trevathan responded to the discovery motions pending against them. (Docs. 137, 149, 155, 164). For all discovery motions at issue here, the response time has passed. *See* RULE 7.2(b), LOCAL RULES FOR

THE EASTERN AND WESTERN DISTRICTS OF ARKANSAS (prescribing 14-day period for oppositions to motions).[2]

Any Defendant who opted not to respond to a discovery motion did so at the risk of the Court granting the motion on that basis alone. For nearly 40 years, this Court has cautioned litigants that "[t]he failure to timely respond to any nondispositive motion, as required by the Federal Rules of Civil Procedure, the Federal Rules of Criminal Procedure, or by any local rule, shall be an adequate basis, without more, for granting the relief sought in said motion." LOCAL RULE 7.2(f) (adopted and effective July 1, 1988). And when presented with unopposed non-dispositive motions in comparable circumstances, federal courts in Arkansas often grant them, citing little or nothing else besides Local Rule 7.2(f).[3] Ward has suggested in some court filings that such an outcome is mandatory in all instances where a party fails to respond to an opponent's non-dispositive motion. (Docs. 180, 183, 186–187). If he is right, then the incomplete or non-existent responses to Ward's discovery motions from Moore, Turner, Hively, and Trevathan may be outcome-determinative.

---

[2] Contrary to what Ward says in the reply he filed without leave of Court, Moore was not required to file a separate brief in support of his response in opposition to Ward's motion to compel. (Doc. 135 at 3–4, 18–19; Doc. 136 at 1–2, 5). Although a *motion* generally must be "accompanied by a brief consisting of a concise statement of relevant facts and applicable law," a party "opposing a motion" need only "serve and file with the Clerk a concise statement in opposition to the motion with supporting authorities." LOCAL RULE 7.2(a)-(b). That is what Moore did here. (Doc. 133). As Moore did all that was required by Local Rule 7.2(b), there is no reason for the Court to "strike" his opposition as "insufficient" or to declare a "waiver" or "procedural default" as Ward suggests. (Doc. 135 at 22; Doc. 136 at 1).

[3] *See, e.g., McCall v. Tucker*, No. 4:14-cv-00212 SWW-JTR, 2014 WL 6845545, *1–2 (E.D. Ark. Dec. 2, 2014) (granting plaintiff's motion to compel production of "highly relevant" documents where defendants did not respond); *Ragland v. Milan*, No. 3:08-cv-00203 JMM-JTR, 2009 WL 2059591, *1 (E.D. Ark. July 14, 2009) (granting defendants' motion to compel discovery where plaintiff did not respond and, "[i]ndependent of" that, there was "good cause" to grant the motion); *Shipp v. Arnold*, No. 4:18-CV-4017, 2020 WL 1031132, *3 (W.D. Ark. Mar. 3, 2020) (granting plaintiff's motion to exclude defendant's rebuttal expert where defendant did not respond).

The Court recognizes that the rule says a failure to respond "*shall* be an adequate basis, without more, for granting the relief sought," LOCAL RULE 7.2(f) (emphasis added), and the term "shall" is "normally" viewed as a "mandatory" one that "creates an obligation impervious to judicial discretion." *Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26, 35 (1998). Moreover, Local Rule 7.2(f) is not written, at least not explicitly, in the same permissive or discretionary terms of the comparable local rules of other district courts in the Eighth Circuit or in Arkansas's neighboring states.[4]

Notwithstanding, this Court finds that, under Local Rule 7.2(f), it is "authorize[d], but not . . . require[d]," to grant non-dispositive motions when unopposed. *Gutierrez de Martinez v. Lamagno*, 515 U.S. 417, 432-33 n.9 (1995) (noting that certain "Federal Rules use the word 'shall' to authorize, but not to require, judicial action"). Courts still "must use some discretion" in that situation. *City of Chicago v. Morales*, 527 U.S. 41, 62 n.32 (1999) (stating that, although ordinance used "the mandatory 'shall'" in directing police officers to issue dispersal orders in certain circumstances, "common sense" dictated that officers retain discretion when making enforcement decisions); *see Town of Castle Rock v. Gonzales*, 545 U.S. 748, 760 (2005) ("shall" language in statute did not make "enforcement

---

[4] *Compare* L. R. 7(f) (N.D. & S.D. Iowa) ("If no timely resistance to a motion is filed, the motion may be granted without notice."); L. CIV. R. 7.1(B)(5) (D.N.D.) ("An adverse party's failure to serve and file a response to a motion may be deemed an admission that the motion is well taken."); L. UNIFORM CIV. R. 7(b)(3)(E) (N.D. & S.D. Miss.) ("If a party fails to respond to any motion, other than a dispositive motion, within the time allotted, the court may grant the motion as unopposed."); LR 7.2(a)(2) (W.D. Tenn.) ("Failure to respond timely to any motion, other than one requesting dismissal of a claim or action, may be deemed good grounds for granting the motion."); L. R. CV-7(d)(2) (W.D. Tex.) ("If there is no response filed within the time period prescribed by this rule, the court may grant the motion as unopposed."); L. CV. R. 7.1(d) (E.D. Okla.) ("In the discretion of the Court, any non-dispositive motion or objection which is not opposed within . . . 14 . . . days may be deemed confessed.").

of restraining orders *mandatory*" given the "well established tradition of police discretion" that "has long coexisted with apparently mandatory arrest statutes").[5] That is how the rule was interpreted by Judge Jimm Larry Hendren of the Western District of Arkansas in *Stebbins v. University of Arkansas*, Civ. No. 10-5125, 2012 WL 12985412 (W.D. Ark. June 11, 2012). There, Judge Hendren explained that the "text" of Local Rule 7.2(f) "simply authorizes the Court to grant any nondispositive motion to which a timely response is not filed—it does not *require* the Court to do so." *Id.* at *2. Instead, the Court "looks at all the circumstances, and exercises its sound discretion, in resolving such motions." *Id.*

Having found no contrary Eighth Circuit or Eastern District of Arkansas precedent, this Court will follow *Stebbins* and interpret Local Rule 7.2(f) *not* to divest courts of their discretion to deny non-dispositive motions—even when unopposed. The opposite conclusion would be at odds with the "long" and "well established tradition," *Castle Rock*, 545 U.S. at 760, of district courts enjoying "'substantial case management discretion,'" *United States ex rel. Ambrosecchia v. Paddock Lab'ys, LLC*, 855 F.3d 949, 956 (8th Cir. 2017) (citation omitted). And that discretion extends to a "district court's application of its local rules." *Northwest Bank & Tr. Co. v. First Illinois Nat'l Bank*, 354 F.3d 721, 725 (8th Cir. 2003); *see Brannon v. Luco Mop Co.*, 521 F.3d 843, 847 (8th Cir. 2008) (a "district court retains considerable discretion" over application of local rules); *Silberstein v. I.R.S.*, 16 F.3d 858, 860 (8th Cir. 1994) ("considerable leeway"); *Morgan Distrib. Co., Inc. v.*

---

[5] *See also In re Starr*, 986 F. Supp. 1144, 1156 (E.D. Ark. 1997) (although Model Federal Rule of Disciplinary Enforcement V(A) says a judge "shall refer" an attorney-misconduct matter "to counsel for investigation," judges still have "reasonable discretion" in determining whether to make such a referral).

*Unidynamic Corp.*, 868 F.2d 992, 996 (8th Cir. 1989) ("The interpretation of local rules is left, to a large extent, to the district court that adopted them, and that interpretation is granted deference on appeal[.]") (citations omitted).[6]

Considering the procedural posture of this case, the Court finds it appropriate to consider the merits of all of Ward's discovery motions or sanctions requests, whether opposed or unopposed. Two circumstances guide the Court's discretion toward that result. One is that Moore's moratorium argument (as the Court will explain below) is a winning argument for him *and* for Turner and Hively on the various motions to compel. As Moore, Turner, and Hively are similarly situated for present purposes, and Ward had the opportunity to address the argument in his reply to Moore's opposition, the Court will evaluate all of the discovery motions in light of the moratorium argument that Moore raised, regardless of whether other Defendants raised that argument.[7] Secondly, one of the sanctions requests lacking a response was made in a reply that Ward filed without leave of

---

[6] *See also In re Wilson*, 153 F. Supp. 2d 1013, 1019 (E.D. Ark. 2001) ("considerable deference is accorded to the district court in its interpretation and application of its own rules").

[7] As this case shows, in multi-defendant civil cases, the work of one defendant sometimes benefits a co-defendant. *See, e.g., Angelo Iafrate Constr., LLC v. Potashnick Constr., Inc.*, 370 F.3d 715, 722 (8th Cir. 2004) (stating that, to "avoid . . . inconsistent results" as between "similarly situated" co-defendants— where one "defends and prevails on the merits and the other suffers a default judgment"—"a judgment on the merits for the answering party should accrue to the benefit of the defaulting party"); *Bastien v. R. Rowland & Co.*, 631 F. Supp. 1554, 1561 (E.D. Mo. 1986) (summary judgment "accrue[d] to the benefit of" defaulting defendant "as well as to those parties who have actively defended against plaintiffs' claims"), *aff'd without opinion*, 815 F.2d 713 (8th Cir. 1987). Even if this means that a co-defendant may win a procedural skirmish without doing all that a local rule may have required (such as filing his or her own response to a motion), it is within a court's discretion to allow that outcome. Indeed, "[i]t is normally for the district court to enforce compliance with its local rules," *Drake v. Scott*, 812 F.2d 395, 401 (8th Cir. 1987), and "to determine what departures from its rules may be overlooked." *Braxton v. Bi-State Dev. Agency*, 728 F.2d 1105, 1107 (8th Cir. 1984). In the future, however, the Court may exercise its discretion differently. So, going forward, the parties will do well to comply fully with any applicable Local Rule and oppose motions they want the Court to deny.

Court. The Court will address appropriate reply-brief practice separately in the subsection that follows.

### 2. Replies Without Leave of Court

As mentioned, Moore did not respond to the sanctions request targeting him for alleged spoliation and lack of discovery planning. (Docs. 135–136). But as Ward made that sanctions request not by motion but, rather, as part of a *reply* in support of a different motion, (Doc. 121), the Court, in its discretion, declines to grant it simply because it is unopposed. Furthermore, according to Local Rule 7.2(b), outside the habeas and summary-judgment contexts, "reply briefs are not allowed as a matter of right," *Fuller v. Lion Oil Trading & Transp., LLC*, No. 1:19-CV-1020, 2019 WL 4731951, *2 (W.D. Ark. Sept. 27, 2019); *see American Gen. Fire & Cas. v. Wal-Mart Stores, Inc.*, 791 F. Supp. 763, 765 n.5 (W.D. Ark. 1992) ("This court does not normally accept reply briefs and will not consider them unless leave has been obtained to file a reply."). Thus, Ward should have sought and obtained the Court's leave before filing a reply in support of the motion to compel.[8] He did not do so, but even if he did, a reply was not the place to seek sanctions for the first time in the case. "As a general rule, courts do not address arguments received for the first time

---

[8] *See Merechka v. Vigilant Ins. Co.*, No. 2:18-CV-02084, 2019 WL 13240637, *1 (W.D. Ark. May 2, 2019) (declining to consider reply filed "without leave of Court" by defendant in support of dismissal motion); *Cooling & Applied Tech., Inc. v. Morris & Assocs., Inc.*, No. 2:15-CV-2211, 2016 WL 11597610, *1 n.1 (W.D. Ark. July 26, 2016) (reply supporting venue-transfer motion "was filed without leave and was therefore not considered"); *accord Stanley v. Finnegan*, 356 F. Supp. 3d 779, 782 (W.D. Ark. 2018); *Reagan v. Dunaway Timber Co.*, No. 3:10-CV-03016, 2011 WL 5184218, *1 (W.D. Ark. Oct. 31, 2011); *but see Doshier v. Facebook, Inc.*, No. 4:18-cv-00628-KGB, 2019 WL 5800079, *2 (E.D. Ark. Feb. 1, 2019) (although "it is common for a party to request leave to file a reply related to motions other than summary judgment motions," plaintiffs were not required to do so in the circumstances of that case, and court considered their reply filed in support of discovery motion).

9

in a reply brief." *Barnes v. Oldner*, 259 F. Supp. 3d 926, 932 (E.D. Ark. 2017).[9] If Ward wished to pursue discovery sanctions against Moore, he should have done so in a separate motion. *See* FED. R. CIV. P. 7(b)(1) ("A request for a court order must be made by motion."). In these circumstances, the Court will not penalize Moore for failing to respond to a sanctions request buried in an unauthorized reply relating to a motion to compel.

In addition to the reply discussed above, Ward has filed several other replies without leave of Court in support of motions seeking relief other than summary judgment. (Docs. 65, 88, 135, 183, 186, 195). Two such replies were accompanied by separately docketed supporting briefs. (Docs. 89, 136). Three others "incorporated" supporting briefs. (Docs. 183, 186, 195). This practice is contrary to Local Rule 7.2(b). Going forward, if Ward or any other party wishes to file a reply in support of anything other than a summary-judgment motion, then he or she must seek and receive leave of Court. If a party files a non-summary-judgment reply in violation of this Order and the Local Rules, then the Court may strike it or, at the very least, disregard it in resolving the motion at issue. *See supra* p. 9 & n.8 (and cases cited therein). Moreover, no response or reply allowed by court order or Local Rule 7.2(b) should "incorporate" a supporting brief or be filed with a separately docketed "brief in support." As the Court previously explained, supporting briefs are not required for oppositions. *See supra* n.2. Nor are they required for replies.

---

[9] *See Hernandez v. Wells Fargo Bank*, No. 2:19-CV-01594, 2020 WL 9457105, *2 (N.D. Ala. Sept. 15, 2020) (declining to consider "new argument" for Rule 37(e) sanctions raised for first time in reply); *Barlow v. Herman*, No. 2:13-CV-00033, 2014 WL 60213, *4 (D. Nev. Jan. 6, 2014) (denying plaintiff's "request for sanctions under Rule 37(d), as it was included for the first time in the reply").

**B.    Discovery Motions**

The Court now turns to the substance of Ward's discovery motions. First up are the motions to compel discovery from Moore, Turner, and Hively and the related motions for sanctions against Moore and Turner for their alleged failures to respond to Ward's requests to produce discovery and hold a Rule 26(f) conference. (Docs. 121–122, 133, 135–138, 149–150). After that, the Court will address the other parts of the sanctions motions accusing Copenhaver, Duncan, Rogers, Moore, and Trevathan of spoliation of evidence. (Docs. 135–136, 155–156, 164–165, 179).

**1.    Motions to Compel and Related Sanctions Motions**

a. <u>Rule 26(f) Conference</u>. It is undisputed that, before Ward served discovery requests on Moore, Turner, and Hively—and filed motions to compel and for sanctions— the parties, collectively, had neither held a discovery conference, nor filed a written report of their discovery plan, as required by Rule 26(f). (Doc. 133 at 1; Doc. 135 at 5, 9–13, 19; Doc. 136 at 1–2, 4; Doc. 137 at 1–6; Doc. 138 at 1–2; Doc. 149 at 2, 7–8). Even so, Ward makes a cursory suggestion that he still satisfied Rule 26(f) when he "discussed . . . discovery and FOIA" matters with *one* of the 10 defendants in this case, Carol Duncan. (Doc. 135 at 10). Ward says that, because Duncan was the City Attorney for the City of Jonesboro and allegedly spoke "on behalf of" municipal "employees" like Copenhaver, Rogers, and Moore, the alleged Ward-Duncan discussion, itself, was "the Rule 26(f)

conference" that Duncan "functionally and lawfully conducted . . . on behalf of" herself and Copenhaver, Rogers, and Moore. *Id.*[10]

There are four reasons why the Court is not persuaded. *First*, Ward provides no specifics about his alleged discussion with Duncan, such as when it occurred, whether it was in person or by telephone or videoconference, what specific topics were covered, and whether those topics included the ones required by Rule 26(f)(2)-(3). *See Father Jesus v. Gray Media Grp., Inc.*, No. 1:22-CV-204, 2022 WL 22270648, *2 (S.D. Miss. Oct. 11, 2022) (email exchanges between *pro se* plaintiff and defense counsel did not "constitute a 'conference' under Rule 26(f)(2)" as they did not "show the discussion of a discovery plan" or "a consideration among 'the parties' of the basis for the claims, defenses to the claims, or the possibility of settling the claims"); *Moulvi v. Safety Holdings, Inc.*, No. 3:20CV595, 2021 WL 4494191, *12–13 (E.D. Va. Sept. 30, 2021) (counsel's emails neither addressed Rule 26(f) topics nor, "taken together," showed that the parties had "developed a mutually agreeable discovery plan").

*Second*, the record does not reflect any filing by Ward and Duncan of the post-conference report required by Rule 26(f)(2), and that is "particularly indicative of the fact that a Rule 26(f) [conference] did not occur" as between those two parties alone. *Yellow Brick Rd., LLC v. Koster*, No. 13-CV-2266, 2014 WL 12932224, *6 (D. Minn. Feb. 25, 2014); *see Moulvi*, 2021 WL 4494191, at *12 (no Rule 26(f) conference had "yet . . . occur[red]" where, among other things, the parties did not submit "a discovery plan");

---

[10]  Ward does not argue that his alleged discussion with Duncan sufficed as a Rule 26(f) conference with respect to Turner and Hively and his requests for discovery from them.

*Talley v. U.S. Dep't of Labor*, No. 19-00493-CV, 2020 WL 8771479, *1 (W.D. Mo. June 26, 2020) (record did not "reflect" that "a Rule 26(f) conference occurred" where "the parties did not submit the post-conference required written report").

*Third*, in this litigation, Duncan represents neither herself nor Copenhaver, Rogers, or Moore. Rather, the attorney of record for these four Defendants is M. Keith Wren, Esq., of the Arkansas Municipal League. Thus, despite her position as City Attorney, Duncan could not have conducted a Rule 26(f) conference on behalf of any co-Defendant.

*Fourth*, a plaintiff's discussion with only one of multiple defendants is categorically *not* the "conference" required by Rule 26(f). "Parties fulfill their Rule 26(f) conference obligations only when the conference includes *all parties in the suit*." *Yellow Brick Rd.*, 2014 WL 12932224, at *6–7 (finding that no Rule 26(f) conference had occurred, so as to commence discovery, where counsel for only two of multiple defendants had "a vague email exchange" with counsel for plaintiff about a motion to dismiss). The rule requires "the parties" to "confer," FED. R. CIV. P. 26(f)(1), "not '*some* parties,'" and its "purpose" would be "undermined" if courts permitted "less than all parties involved in the suit [to] participate in the planning." *Yellow Brick Rd.*, 2014 WL 12932224, at *6 (emphasis added); *see Moulvi*, 2021 WL 4494191, at *12 (stating that one party "cannot unilaterally conduct a Rule 26(f) conference" and that, "[w]ithout an agreement as to discovery from all parties, Rule 26(f) has not been satisfied").[11]

---

[11] *See also* FED. R. CIV. P. 26(f), Adv. Comm. Note, 1993 Amd. ("The obligation to participate in the planning process is imposed on *all parties* that have appeared in the case, including defendants who, because of a pending Rule 12 motion, may not have yet filed an answer in the case. *Each such party* should attend the meeting, either through one of its attorneys or in person if unrepresented.") (emphasis added);

For these reasons, the Court finds that "the parties" did not hold "their required Rule 26(f) conference" through any discussion involving only Ward and Duncan. *Yellow Brick Rd.*, 2014 WL 12932224, at *7. With respect to his discovery motions, then, the immediate problem for Ward is one of timing under Rule 26(d)(1).

b. The Discovery Moratorium. With few exceptions, "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)," FED. R. CIV. P. 26(d)(1). That rule thus establishes a "general moratorium on discovery that precedes the Rule 26(f) discovery conference," which "functions as the terminator of the moratorium . . . in most cases," 6 MOORE'S FEDERAL PRACTICE § 26.121[1]-[2] at 26-573 to -574, 26-579 (3d ed. 2025) (footnote omitted); *see* 8A WRIGHT & MILLER'S FEDERAL PRACTICE & PROCEDURE § 2046.1 at 292 (3d ed. 2010) (referring to "the discovery moratorium of Rule 26(d)").

Rule 26(d)(1) is "clear," *Picard v. Kirk Key Interlock Co., LLC*, Civ. A. No. 07-763, 2008 WL 11417813, *1 (M.D. La. Jan. 29, 2008), and "unambiguous[]," *United States ex rel. Branch Consultants, L.C.C. v. Allstate Ins. Co.*, Civ. A. No. 06-4091, 2007 WL 9780392, *1 (E.D. La. July 27, 2007). And federal courts in Arkansas have acknowledged and enforced the moratorium, consistently, in case after case. *See, e.g., Troupe v. Young*, 143 F.4th 955, 967 (8th Cir. 2025) (Rule 26(d)(1) "forbids discovery from any source before the parties have conferred"); *Tyler v. Bradshaw*, No. 5:10-cv-00048-JMM, 2010 WL 2025539, *3 (E.D. Ark. May 19, 2010) (quashing subpoena that was "not timely"

_____

*see id.* (further stating that "*the litigants* must meet . . . and plan for discovery" and "are expected to attempt in good faith to agree on the contents of the proposed discovery plan") (emphasis added).

where parties had "not yet participated in" discovery conference); *accord Nooner v. Norris*, No. 5:06-cv-00110-SWW, 2007 WL 2301221, *3 n.4 (E.D. Ark. Aug. 9, 2007); *Foster Cable Servs., Inc. v. Deville*, 368 F. Supp. 3d 1265, 1271 (W.D. Ark. 2019). Here, this Court must enforce the moratorium against Ward unless one of its exceptions applies, which the Court considers next.

    c. Exceptions. Notwithstanding the general moratorium, discovery may proceed without a Rule 26(f) conference "in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order." FED. R. CIV. P. 26(d)(1). But as Moore correctly observes in his opposition, this case "is not exempted from initial disclosure," and no other rule, stipulation, or order provides for discovery in this case to proceed "without the Rule 26(f) conference" or "reliev[es] the parties from having" that conference. (Doc. 133 at 1). To the contrary, this Court ordered the parties to hold their conference by September 19, 2025, and file their report by October 6, 2025. (Doc. 160 at 2).[12]

    Although a court may issue an order authorizing "expedited discovery" prior to the Rule 26(f) conference, *Troupe*, 143 F.4th at 968, this Court has not issued such an order in this case, and Ward did not ask the Court to do so. That is understandable because expedited discovery "'is not the norm,'" *Planned Parenthood Arkansas & E. Oklahoma v. Gillespie*,

---

[12] Trevathan appears to have engaged in pre-conference discovery with Ward. (Doc. 129; Doc. 135 at 9–10; Doc. 145 at 2–3). She was free to do so because, "in cases to which the discovery moratorium would ordinarily" apply, a party may "agree to engage in discovery before the discovery conference." 6 MOORE, *supra*, § 26.121[1] at 26-574. But this did not oblige Moore, Turner, and Hively to engage in pre-conference discovery, too, and there is nothing to indicate that *they* agreed to do so or entered into a stipulation to that effect with Ward.

No. 4:15-cv-566-KGB, 2018 WL 1904845, *2 (E.D. Ark. Mar. 20, 2018) (quoting *Dorrah v. United States*, 282 F.R.D. 442, 445 (N.D. Iowa 2012)), and, indeed, is "highly disfavored," *Ramirez v. Defendant 1*, Civ. A. No. 25-1576, 2025 WL 2337134, *1 (E.D. La. Aug. 13, 2025); *accord Dahdah v. Virgin Islands Dep't of Hum. Servs.*, — F.R.D. —, No. 3:25-CV-00026, 2025 WL 2524332, *9 (D.V.I. Sept. 2, 2025); *Socal Dab Tools, LLC v. Venture Techs.*, No. 2:22-CV-128, 2022 WL 19977793, *1 (M.D. Ala. Apr. 25, 2022).

Even if Ward had sought that relief, the Court is skeptical that he could have met his "burden to demonstrate a pressing need for expedited discovery." *Planned Parenthood*, 2018 WL 1904845, at *2; *see Croskey v. County of St. Louis*, No. 4:14CV867, 2014 WL 13109621, *1 (E.D. Mo. May 20, 2014) (party seeking early discovery "bears the burden of demonstrating good cause"); 6 MOORE, *supra*, § 26.121[2] at 26-577. Ward certainly cannot do so *now* because the Final Scheduling Order has issued and allows the parties to pursue discovery on the normal timetable without the need for expedited discovery.[13]

---

[13] Nor would expedited discovery have been appropriate had Ward sought it earlier. Although the Court of Appeals for the Eighth Circuit has not applied a particular standard to expedited-discovery requests, most courts—"including other federal district courts within the Eighth Circuit"—use a "good cause standard" under which the party seeking expedited discovery bears the burden of showing a "'need'" for it that, "'in consideration of the administration of justice, outweighs prejudice to [the] responding party.'" *Dorrah*, 282 F.R.D. at 445 (citations omitted). In examining "the entirety of the record to date and the reasonableness of the request in light of surrounding circumstances," *id.*, courts typically consider such factors as "'(1) whether a preliminary injunction is pending; (2) the breadth of the discovery requests; (3) the purpose for requesting expedited discovery; (4) the burden on the defendants to comply with the requests; and (5) how far in advance of the typical discovery process the request was made.'" *Planned Parenthood*, 2018 WL 1904845, at *1 (citation omitted). Although expedited discovery may be allowed where "the requests are narrowly tailored," *Empirical Foods, Inc. v. Primus Builders, Inc.*, No. 8:19CV457, 2020 WL 5064220, *16 (D. Neb. Aug. 27, 2020), Ward's pre-conference requests were broad and went to the merits of his claims. (*See, e.g.*, Doc. 121 at 2–3, where Ward discusses his requests for documents from Moore relating to "Communications concerning Plaintiff or his pony rides," "Records of complaints, animal seizures, and body cam footage," "Social media activity," "Involvement with other pony ride businesses and related individuals," "Financial transactions involving Defendant Moore," "Emails and communications with other Defendants," "Licenses, certifications, and evidence of training or misconduct," and "Any evidence Defendant Moore intends to use at trial"). The breadth of these requests, alone, would

    d. <u>Denial of Motions to Compel</u>. With no exception applicable here, all discovery requests underlying Ward's motions to compel were premature under the plain language of Rule 26(d)(1), as its "moratorium applies to *all discovery*," 8A WRIGHT & MILLER, *supra*, § 2046.1 at 287 (emphasis added); *see Riley v. Walgreen Co.*, 233 F.R.D. 496, 499 (S.D. Tex. 2005) ("Rule 26(d)'s proscription sweeps broadly"). Consequently, as "responses may not be compelled for premature discovery," *Disedare v. Brumfield*, Civ. A. No. 22-2680, 2023 WL 3496395, *2 (E.D. La. May 17, 2023) (footnote omitted), the Court is constrained to deny as premature (1) Ward's motions to compel Moore, Turner, and Hively to produce documents under Rule 34 (Docs. 121, 137, 149); (2) his motions to compel Turner and Hively to answer interrogatories under Rule 33 (Docs. 137, 149); and (3) his motions for an order deeming "admitted" any matter addressed in the Rule 36 requests for admissions from Turner and Hively (Docs. 137, 149). Ward was free to re-serve his discovery requests at any Rule 26(f) conference and, as the Final Scheduling Order has issued, is free to re-serve his requests now.

    The Court so rules even accepting Ward's assertion that, before he filed these discovery motions, Moore, Turner, and Hively neither objected to his discovery requests nor sought a protective order. (Doc. 121 at 3; Doc. 122 at 2–3; Doc. 137 at 2; Doc. 138 at 1; Doc. 149 at 4–5, 12–13). Moore did not address that assertion in his opposition. (Doc. 133). And Turner and Hively did not respond to Ward's motions at all. So, on the present

---

have made it unreasonable to order the documents' production on an expedited basis. *See, e.g.*, *Attkisson v. Holder*, 113 F. Supp. 3d 156, 162 (D.D.C. 2015) (denying expedited-discovery request that sought "significant discovery on the merits").

Case 3:22-cv-00250-LPR-BBM    Document 200    Filed 10/20/25    Page 18 of 29

record, the Court accepts that the Defendants never told Ward, within the usual 30-day response window, that they would not be responding to his discovery requests because they were premature under Rule 26(d).[14] And the docket reflects no defense motion invoking the moratorium as a basis for a protective order under Federal Rule of Civil Procedure 26(c). Despite the specter of "waiver" arising from these circumstances, the Court finds it appropriate to enforce the moratorium against Ward—and deny his motions to compel— in keeping with the above discussion and for the additional reasons that follow.

For starters, under the law, no Defendant had an "obligation to respond" to Ward's "premature" discovery requests. *American Action Network, Inc. v. Cater America, LLC*, 983 F. Supp. 2d 112, 127 (D.D.C. 2013); *see Adelson v. Ocwen Fin. Corp.*, No. 17-1917, 2018 WL 7226966, *9 (6th Cir. Aug. 20, 2018) (defendants "were under no obligation to respond to requests for admissions" before Rule 26(f) conference). From that proposition, it may well follow that the Defendants *also* were not obliged to (1) raise a prematurity objection with Ward within a particular time period; (2) otherwise inform him of their position that Rule 26(d) forbade pre-conference discovery; or (3) raise these matters with the Court in a protective-order motion. After all, if a premature discovery request is a "violation" of Rule 26(d)'s "language and policy," *Estelle v. FMC Techs.*, Civ. A. No. 07-01559, 2007 WL 3231542, *3 (E.D. La. Oct. 29, 2007)—if it is "defective and unenforceable," *Keller v. Edwards*, 206 F.R.D. 412, 415 (D. Md. 2002) (so describing

---

[14] *See* FED. R. CIV. P. 33(b)(2) ("answers and any objections" to interrogatories are generally due "within 30 days" of service); FED. R. CIV. P. 34(b)(2)(A) (same as to responses or objections to document requests); FED. R. CIV. P. 36(a)(3) (same as to responses or objections to requests for admissions).

premature deposition notices); "invalid" or "void at its issuance," *Crutcher v. Fid. Nat'l Ins. Co.*, Civ. A. No. 06-5273, 2007 WL 430655, *3 & n.1 (E.D. La. Feb. 5, 2007) (so describing premature subpoena); or a "nullity," *Vanicek v. Kratt*, No. 8:21CV49, 2023 WL 2162723, *3 (D. Neb. Feb. 22, 2023) (recounting this characterization by defendants of premature requests for admissions), *appeal dismissed*, 145 F.4th 810 (8th Cir. 2025)— then, arguably, such a request might not obligate its recipient to object or take any action at all, let alone by a specific date. *See Joffrion v. Excel Maint. Servs.*, Civ. A. No. 11-528, 2011 WL 6003196, *1 (M.D. La. Nov. 30, 2011) (where discovery requests were "prematurely propounded" to defendant, he "was not required to *timely* respond to such requests") (emphasis added).

But on the other hand, it is commonplace (and, perhaps, common courtesy) for a party served with a premature discovery request to raise promptly any Rule 26(d) concern with the propounding party (*e.g.*, by email or formal objection) or seek a protective order staying discovery until the Rule 26(f) conference. *See, e.g., Moulvi*, 2021 WL 4494191, at *5, *13 (granting protective order where "the parties have not yet conferred as required by Rule 26(f)," and noting that, a week and a half after receiving premature discovery requests, defense counsel emailed plaintiff's counsel and "stated their intention not to substantively respond . . . because they believed those requests were premature and thus improper"); *Dorrah*, 282 F.R.D. at 445 ("plaintiff had the right to object" to defendant's pre-conference "discovery requests and refuse to provide responses").

In this case, even if the Defendants' failure to raise an earlier prematurity objection implicates the Federal Rules' "waiver" and "good cause" analysis,[15] the Court, in its discretion, would find good cause to excuse any waiver. As the Court previously discussed, the discovery requests at issue were plainly premature—and, thus, "impermissible," *Father Jesus*, 2022 WL 22270648, at *2—and "it is within the Court's discretion not to compel discovery which is patently improper," *Boselli v. Southeastern Pennsylvania Transp. Auth.*, 108 F.R.D. 723, 726 (E.D. Pa. 1985), or that "'far exceeds the bounds of fair discovery,'" *Krewson v. City of Quincy*, 120 F.R.D. 6, 7 (D. Mass. 1988) (citation omitted); *see Diaz v. Local 338*, No. 13-CV-7187, 2014 WL 12778840, *1 (E.D.N.Y. Aug. 21, 2014) (defendant had "good cause for the delay" in responding to plaintiff's premature discovery requests), *objections overruled*, 2014 WL 4384712 (E.D.N.Y. Sept. 3, 2014).

e. Denial of Related Sanctions Motions. As mentioned, Ward not only seeks to compel discovery from Moore and Turner, but he also seeks sanctions against those two Defendants for their alleged failures to respond to his discovery requests. (Doc. 121 at 7; Doc. 122 at 4; Doc. 137 at 6–8; Doc. 138 at 3–4). But where, as here, a plaintiff's "motions to compel are all premature," a defendant's "failure to produce" the requested "information

---

[15] *See* FED. R. CIV. P. 33(b)(4) (any ground for "objecting to an interrogatory" that is "not stated in a timely objection is waived unless the court, for good cause, excuses the failure"); *Master Saddles LLC v. Andrews*, No. 4:21-CV-001015-BRW, 2023 WL 4997681, *6 (E.D. Ark. Mar. 17, 2023) (Ervin, M.J.) (although "Rule 34 does not explicitly provide for waiver of objections" to document requests, "the same waiver rule" from Rule 33 "is properly applied to objections to both interrogatories and requests for production"). Waiver, however, "is not automatic," and a court has "substantial discretion" to determine if "objections should be deemed waived" or, instead, if "good cause exists to preclude waiver." *Enron Corp. Sav. Plan v. Hewitt Assocs., L.L.C.*, 258 F.R.D. 149, 156, 158 (S.D. Tex. 2009); *accord CRST Expedited, Inc. v. Swift Transp. Co.*, 328 F.R.D. 231, 235 (N.D. Iowa 2018); *Cargill, Inc. v. Ron Burge Trucking, Inc.*, 284 F.R.D. 421, 425–26 (D. Minn. 2012); *Hall v. Sullivan*, 231 F.R.D. 468, 474 (D. Md. 2005).

. . . cannot form the basis for any sanction whatsoever," *Farrell v. U.S. Bank Nat'l Ass'n*, Civ. A. No. 14-11781, 2014 WL 12658842, *1 (E.D. Mich. Aug. 22, 2014). As Moore and Turner "were under no obligation to respond" to Ward's premature "discovery requests, the Court will also deny" his motions seeking sanctions against those two Defendants for their alleged non-response. *American Action Network*, 983 F. Supp. 2d at 127.[16]

Ward also seeks sanctions against Moore, his counsel, and Turner on an additional ground: their alleged failure to cooperate with Ward in the scheduling or holding of a Rule 26(f) conference and the formulation of a discovery plan. In the aforementioned reply, Ward says that Moore's counsel never "requested a Rule 26(f) conference or discovery schedule" and, along with the "Defendants," was otherwise "unresponsive" to Ward's "multiple efforts" to "conduct a proper Rule 26(f) conference" and "initiate discovery." (Doc. 135 at 5, 9, 11–13, 17, 19, 21; Doc. 136 at 1–2, 4). Similarly, Ward alleges a "complete failure" by Turner to "confer under Rule 26(f)." (Doc. 137 at 1).

These contentions implicate the rule that counsel of record (plus "all unrepresented parties") who "have appeared in the case are jointly responsible for arranging the conference, for attempting in good faith to agree on the proposed discovery plan, and for submitting to the court within 14 days after the conference a written report outlining the

---

[16] *See also Bralich v. Sullivan*, No. CV 17-00547, 2017 WL 9325806, *3 (D. Haw. Dec. 20, 2017) (M.J. Rec.) (no sanctions against defendants for not responding to premature discovery requests), *adopted as modified*, 2018 WL 515627 (D. Haw. Jan. 23, 2018); *Richardson v. Bryant*, No. 1:99-cv-06575, 2009 WL 3748501, *4 (E.D. Cal. Nov. 5, 2009) ("In light of the fact that Plaintiff's motion to compel shall be denied, the motion for sanctions shall also be denied."); *Riser v. WSYX-TV ABC-6*, No. C2-02-091, 2002 WL 31409421, *11 (S.D. Ohio July 17, 2002) (as defendants "were not required to respond to discovery requests prior to the Rule 26(f) conference," there was "simply no basis for sanctioning [them] for the alleged discovery violations").

plan." FED. R. CIV. P. 26(f)(2). As Ward points out, a bad-faith failure to satisfy Rule 26(f) can subject a party or counsel to sanctions. (Doc. 135 at 12, 14; Doc. 137 at 5). "If a party or its attorney fails to participate in good faith in developing and submitting a proposed discovery plan as required by Rule 26(f), the court may, after giving an opportunity to be heard, require that party or attorney to pay to any other party the reasonable expenses, including attorney's fees, caused by the failure." FED. R. CIV. P. 37(f).

For a few reasons, however, the Court declines to impose Rule 37(f) sanctions on Moore, his counsel, or Turner for their alleged past failures to cooperate in discovery planning. *First*, as just explained, "[t]he only sanction authorized by [Rule 37(f)] is monetary, and the monetary sanction may not exceed 'the reasonable expenses, including attorney's fees, caused by the failure.'" 7 MOORE'S FEDERAL PRACTICE § 37.110 at 37-186 to -187 (3d ed. 2025) (quoting Rule 37(f)). Ward, however, does not identify any expense he incurred as a result of any Rule 26(f) violation. Nor does Rule 37 "empower" this Court "to award attorney's fees to a . . . litigant" like Ward who is *pro se* and "a non-attorney," *Douglas v. Stevens*, No. CIV S-09-3412, 2010 WL 4321597, *2–3 (E.D. Cal. Oct. 25, 2010) (citing *Pickholtz v. Rainbow Techs., Inc.*, 284 F.3d 1365, 1376 (Fed. Cir. 2002)); *accord Lucas v. Telemarketer Calling from (407) 476-5680*, No. 18-3633, 2019 WL 3021233, *9 (6th Cir. May 29, 2019) (a *pro se* plaintiff who was "not an attorney" could not "recover" attorney's fees "under Rule 37"), *vacated in part on other grounds on reh'g*, 2019 WL 13545379 (6th Cir. Nov. 1, 2019).[17]

---

[17] *See also Kay v. Ehrler*, 499 U.S. 432, 435 (1991) (agreeing with "the proposition that a *pro se* litigant who is *not* a lawyer is *not* entitled to attorney's fees" under 42 U.S.C. § 1988) (footnote omitted);

*Second*, although it's no cause for condonation if, as Ward says, any party or counsel shirked a Rule 26(f) obligation, courts have "'broad discretion with regard to discovery motions,'" *United States v. Washington*, 318 F.3d 845, 857 (8th Cir. 2003) (citation omitted). And that discretion extends to the "decision" of "whether . . . to sanction" under Rule 37(f) at all. 8B WRIGHT & MILLER'S FEDERAL PRACTICE & PROCEDURE § 2284 at 444 (3d ed. 2010) (footnote omitted); *see Gallagher v. Magner*, 619 F.3d 823, 844 (8th Cir. 2010) (no abuse of discretion in district court's denial of discovery sanctions); *Bunting v. Sea Ray, Inc.*, 99 F.3d 887, 890 (8th Cir. 1996) (affirming denial of discovery sanctions and reiterating that "[t]he conduct of discovery is committed to the trial court's sound discretion"). Indeed, as the "language of" Rule 37(f) "is permissive, and not mandatory," it gives the Court "broad discretion to decide whether to impose" such a "sanction, even if the failure was willful or in bad faith." 7 MOORE, *supra*, § 37.110 at 37-186.

Against that backdrop, this Court finds it appropriate to view any alleged past violation of Rule 26(f) in context and in light of more recent events—namely, the Court's issuance of an ISO on August 21, 2025, and a Final Scheduling Order on October 15, 2025. (Docs. 160, 198). In this instance, then, the Court will "temper justice with understanding" and "mercy," decline to sanction anyone for any past Rule 26(f) violation, and give all concerned "a second opportunity to comply with the discovery rules," 8B WRIGHT & MILLER, *supra*, § 2284 at 445, 467 (footnote omitted).

---

*accord McDermott v. Royal*, 123 F. App'x 241, 242 n.3 (8th Cir. 2004) (*per curiam*); *White v. Armontrout*, 29 F.3d 357, 361 (8th Cir. 1994); *Coleman v. Turner*, 838 F.2d 1004, 1005 (8th Cir. 1988) (*per curiam*); *Davis v. Parratt*, 608 F.2d 717, 718 (8th Cir. 1979) (*per curiam*).

*Third*, this "second opportunity" is also appropriate because, due to the interplay between the Federal Rules of Civil Procedure and a Local Rule, it may have been unclear to the parties and counsel exactly *when* they were required to discharge their Rule 26(f) obligations. One Federal Rule tells the parties to hold a discovery conference "as soon as practicable" and "in any event at least 21 days before a scheduling conference is to be held or a scheduling order is due under Rule 16(b)." FED. R. CIV. P. 26(f)(1).[18] No scheduling conference triggered that 21-day deadline—as none has yet been set in the case—but a scheduling order was still "due" by "the earlier of 90 days after any defendant has been served with the complaint or 60 days after any defendant has appeared." FED. R. CIV. P. 16(b)(2). In light of that provision and the available docket information, it appears that a scheduling order was "due" by June 18, 2024, which is the 60th day after Trevathan filed a notice of appearance and motion to dismiss and Copenhaver, Duncan, Rogers, and Moore filed an answer, all on April 19, 2024. (Docs. 31–33). Given the 21-day deadline, the parties arguably should have had held a discovery conference by May 28, 2024.

The clarity of that obligation, however, may have been clouded by a Local Rule stating that, in "civil actions" like this one, "an Initial Scheduling Order" (or ISO) "will issue setting forth," among other things, "the date[s] by which the parties must hold their [Rule 26(f)] conference" and "submit their [Rule 26(f)] report," LOCAL RULE 16.1. "After the court receives the parties' 26(f) report and, if necessary, holds the 16(b) conference, the court will issue a Final Scheduling Order." *Id.* In light of *this* provision, the parties and

---

[18] *See* FED. R. CIV. P. 16, Adv. Comm. Note, 2015 Amd. ("the time for the Rule 26(f) conference is geared to the time for the scheduling conference or order").

their counsel may well have believed that they were not required to hold a discovery conference until they received an ISO setting their conference and report deadlines. That did not happen in this case until August 21, 2025, when, as mentioned, the Court filed an ISO setting conference and report deadlines, respectively, for September 19 and October 6, 2025. (Doc. 160).

Considering this potential ambiguity, the Court, in its discretion, will decline to sanction anyone for any past Rule 26(f) violation but, going forward, expects all parties and counsel to comply fully with all discovery rules. In retrospect, the Court should have issued an ISO sooner than August 2025. As is often true of courts that "neglect[] to enter a scheduling order," *Nooner*, 2007 WL 2301221, at *3, the Court's delay, here, was simply "due to oversight," 3 MOORE'S FEDERAL PRACTICE § 16.10[2] at 16-38 (3d ed. 2025). But even without an ISO, "nothing in the rules" prohibited the parties from undertaking their Rule 26(f) work earlier in the case. *Nooner*, 2007 WL 2301221, at *3 n.4. Indeed, it is "the parties" or their counsel who bear "the responsibility for organizing" a Rule 26(f) conference. *USA Gymnastics v. Liberty Ins. Underwriters, Inc.*, 27 F.4th 499, 514 (7th Cir. 2022); s*ee Scott v. Graphic Commc'ns Int'l Union, Loc. 97-B*, 92 F. App'x 896, 901–02 (3d Cir. 2004) ("Rule 26(f) does not require the parties to delay conferring until after a scheduling conference has been held or a scheduling order has been issued. The responsibility for arranging this conference and initiating discovery is placed squarely on the shoulders of the attorneys of record and not on the district court."). And if the lack of an ISO is what stalled the parties' Rule 26(f) work and, by extension, the commencement of discovery, anyone wishing to remedy that situation need only have filed a motion

"requesting that the Court enter a scheduling order." *Nooner*, 2007 WL 2301221, at *3. Thus, even accepting Ward's claim that he was ignored by the Defendants when he tried to start the Rule 26(f) process earlier (and commending him for doing so), the appropriate course of action for Ward was not to "unilaterally serv[e] the Defendants with his discovery inquiries"; rather, he should have filed a motion with the Court seeking a scheduling order or other "appropriate[] . . . relief," *Estelle*, 2007 WL 3231542, at *3.

### 2. Sanctions Motions Alleging Spoliation of Evidence

Lastly, the Court turns to Ward's motions seeking sanctions under Federal Rule of Civil Procedure 37(e) against Copenhaver, Duncan, Rogers, Moore, and Trevathan for their alleged spoliation of evidence—namely, "electronically stored information" or "ESI." (Docs. 135–136, 155–156, 164–165, 179). Although Rule 37 "does not contain any specific reference to the timing of the filing of a motion seeking spoliation sanctions," 7 MOORE, *supra*, § 37.121B at 37-227, case law makes clear that parties can file "spoliation motions too late" but "can also jump the gun and file them too early." *Groves Inc. v. R.C. Bremer Mktg. Assocs.*, No. 22 CV 50154, 2024 WL 4871368, *4 (N.D. Ill. Nov. 22, 2024). Thus, "there's a sweet spot when the filing of the spoliation motion is just right," and "determining that sweet spot will vary depending on the specific facts presented as well as the judge who decides the motion." *Id*. at *2. Because "now is not the time" for Ward "to be filing . . . spoliation motion[s]," the Court will deny those motions as premature and without prejudice to his ability to re-file them later. *Id*.

In this case, the Court only recently received certain parties' Rule 26(f) scheduling proposals. (Docs. 190–191, 193, 197). The Final Scheduling Order followed on October

15, 2025. (Doc. 198). Thus, discovery only recently began and likely will continue at least through the current discovery cutoff of March 20, 2026. *Id.* at 1. Between now and then, the Court could well be called upon to resolve *multiple* discovery disputes—in addition to those involving Ward's spoliation claims—and, as much as possible, the Court prefers to avoid piecemeal adjudication of discovery disputes and, instead, to address them all together and on a fuller record. Moreover, the deadlines for summary-judgment and other motions are far down the calendar. *See id.* at 2 (setting deadlines for motions *in limine* and all other motions, respectively, on August 7, 2026, and April 20, 2026). The case is not scheduled for trial until the week of August 17, 2026. *Id.* at 1.

Given this procedural posture, "it is too early in the litigation" to determine if spoliation occurred and, if so, what, if any, sanctions would be appropriate. *Henderson v. Family Dollar Stores of Georgia*, No. 1:22-CV-2424, 2023 WL 3627881, *2 (N.D. Ga. Feb. 14, 2023). Spoliation rulings should await "a substantial factual record," *Swindell Dressler Int'l Co. v. Travelers Cas. & Sur. Co.*, 827 F. Supp. 2d 498, 508 (W.D. Pa. 2011). Here, as discovery is in its early days, "the evidentiary record is incomplete," *Henderson*, 2023 WL 3627881, at *3, including as to an important Rule 37(e) issue—whether any ESI that Ward says was spoliated can "be restored or replaced through additional discovery," Fed. R. Civ. P. 37(e).[19] That problem shows why "a spoliation motion shouldn't be filed

---

[19] *See Groves*, 2024 WL 4871368, at *4 ("The inability to restore or replace ESI is a prerequisite to obtaining relief under Rule 37(e)."); *OL Private Counsel, LLC v. Olson*, No. 2:21-cv-00455, 2024 WL 1973340, *1–2, *6 (D. Utah May 3, 2024) (denying spoliation motion as premature where it was "unclear whether the information in question is lost completely or remains obtainable through other means" and it was "at least possible that further discovery may restore the evidence"), *reconsideration denied*, 2025 WL 1807985 (D. Utah July 1, 2025).

before discovery has been served and responded to." *Groves*, 2024 WL 4871368, at *4; *see Breedlove v. Hill*, No. 24-11579, 2025 WL 1906057, *3 (11th Cir. July 10, 2025) (*per curiam*) ("review" of spoliation motion "may require discovery").[20]

Moreover, having alluded to the upcoming summary-judgment deadline, the Court also acknowledges the *possibility* of this case resolving, without the need for a trial, either on summary judgment or by settlement.[21] Given that possibility, it makes little sense for the Court to "spend[] resources" on Ward's spoliation motions *now* when those resources "could be used elsewhere," *id.* at *7.[22] The Court thus chooses to "sequence" discovery-motion practice "in an effort to avoid deciding unnecessary issues," and it may defer any resolution of spoliation motions until "it is clear that there will likely be a trial." *Kolas v. Wal-Mart Stores, Inc.*, No. 2:17-cv-01597, 2018 WL 11444060, *1 (D. Nev. Mar. 23, 2018).[23] Finally, it does not appear that any party "will be prejudiced by deferring the issue," *Groves*, 2024 WL 4871368, at *7.

---

[20] *See also Brown-Austin v. Chambers-Smith*, No. 1:24-CV-397, 2025 WL 2022262, *18 (S.D. Ohio July 18, 2025) (M.J. Rec.) (denying spoliation motion because "this case has not yet progressed to the discovery phase"), *adopted*, 2025 WL 2615030 (S.D. Ohio Sept. 10, 2025); *Richardson v. Clark*, No. 1:22-CV-00029, 2024 WL 1258653, *11 (M.D. Pa. Mar. 25, 2024) (denying spoliation motion where "discovery has not yet occurred" and the "mere accusation that records were destroyed is not sufficient to grant the motion at this time").

[21] *See Groves*, 2024 WL 4871368, at *7 (stating that such "off-ramps" may obviate the need to hold a trial and, thus, to resolve spoliation motion during discovery and before summary-judgment deadline).

[22] *See Barnes v. Medva*, No. 3:19-CV-00202, 2024 WL 756777, *3 (W.D. Pa. Feb. 21, 2024) (finding that plaintiff's spoliation motion was "premature" but allowing him to "resubmit" it "should his claims survive summary judgment").

[23] That said, if Ward or any other party "believes that the spoliation issue will affect any summary judgment briefing," then he or she "should inform the Court" closer to the discovery cutoff "so that the issue can be addressed in the most efficient way." *Groves*, 2024 WL 4871368, at *7. If the parties propose specific deadlines for the filing (or refiling) of spoliation motions and the related briefing, then the Court will consider such proposals. But for now, the parties should assume that any spoliation motions will be

IT IS THEREFORE ORDERED THAT:

1.      Plaintiff's Motion to Compel Discovery Documents from Defendant Jeffrey Moore is DENIED. (Doc. 121).

2.      Plaintiff's Request for Sanctions, included in his Reply, is DENIED without prejudice. (Doc. 135).

3.      Plaintiff's Motion for Sanctions and to Compel Discovery against Defendant Wannda Turner is DENIED. (Doc. 137).

4.      Plaintiff's Motion to Compel Discovery Responses from Defendant Melissa Kathryn Hively and to Deem Requests for Admission Admitted is DENIED. (Doc. 149).

5.      Plaintiff's Motion for Sanctions for Spoliation of Evidence against Defendant Lisa Trevathan is DENIED without prejudice. (Doc. 155).

6.      Plaintiff's Motion for Sanctions Against Defendants Harold Copenhaver, Larry Rogers, Carol Duncan, Jeffrey Moore, and Lisa Trevathan for Spoliation of Evidence is DENIED without prejudice. (Doc. 164).

SO ORDERED this 20th day of October, 2025.

_____
UNITED STATES MAGISTRATE JUDGE

---

due by the motions deadline of April 20, 2026 (although the Court would not consider such a motion to be "premature" if filed at or around the discovery cutoff of March 20, 2026).