IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

STEPHEN WARD                                                                                          PLAINTIFF

v.                              Case No. 3:22-cv-00250-LPR-BBM

HAROLD COPENHAVER, *et al.*,                                                            DEFENDANTS

### ORDER ON PLAINTIFF'S MOTION AND AMENDED MOTION FOR RECONSIDERATION, CLARIFICATION, AND CERTIFICATION FOR INTERLOCUTORY APPEAL

In two August 2025 orders, this Court set case-management deadlines under Local Rule 16.1 and denied Plaintiff Stephen Ward's party-substitution request under Federal Rule of Civil Procedure 25. (Docs. 159–160). Unhappy with those orders, Ward seeks reconsideration and other relief in a motion and amended motion now before the Court. (Docs. 161–163, 177–178, 179, 183). Having carefully reviewed those motions, the entire record, and the relevant law, the Court will deny the motions for the reasons that follow.

I.   BACKGROUND

In October 2023, Ward filed, *pro se*, an Amended Complaint, claiming that local government officials in Jonesboro, Arkansas, allegedly in cahoots with private citizens, "shut down" his "panhandling" activities that consisted of him selling "pony rides" in parking lots near Jonesboro businesses. (Doc. 10) ("Am. Compl." at 8–10, ¶¶ 23–29). In March 2024, the Court screened the Amended Complaint under 28 U.S.C. § 1915, dismissing some claims and allowing others to proceed against ten defendants. (Doc. 14 at 2–3). Among the claims to survive the screening process were (1) certain statutory claims (*e.g.*, under 42 U.S.C. § 1985) asserted against Defendants Harold Copenhaver, Carol

Duncan, Larry Rogers, Jeffrey Moore, and Wannda Turner; and (2) state-law defamation claims asserted against Turner as well as Defendants Melissa Hively, Lisa Trevathan, Stan Morris, Kimberly Randall, and a fictitiously named defendant sued under the "alias" of "Simrit Kaur." Am. Compl. at 1–2, & 5, ¶ 11.[1]

In June 2024, Morris and Randall were voluntarily dismissed without prejudice under Federal Rule of Civil Procedure 41. (Docs. 66–68, 72). As to the remaining seven served defendants, the litigation has proceeded to varying degrees. Turner, Hively, and Trevathan are proceeding *pro se*, and Copenhaver, Duncan, Rogers, and Moore (all city officials in Jonesboro) are represented by attorney M. Keith Wren of the Arkansas Municipal League. Turner is presently in default because she did not answer the Amended Complaint following the denial of her motion to dismiss. (Doc. 123). Timely answers were filed by Copenhaver, Duncan, Rogers, Moore, Hively, and Trevathan. (Docs. 33, 85, 116).

On August 21, 2025, the Court issued the two orders that Ward seeks to revisit. One was an Initial Scheduling Order ("ISO") that, in keeping with Local Rule 16.1, set deadlines for the parties to hold a discovery conference and file a report of their discovery plan as required by Federal Rule of Civil Procedure 26(f) and proposed tentative dates for trial and any scheduling conference held under Federal Rule of Civil Procedure 16. (Doc. 160); *see* RULE 16.1, LOCAL RULES FOR THE EASTERN AND WESTERN DISTRICTS OF ARKANSAS. The other order denied Ward's request to re-instate Randall as a party-

---

[1] The Amended Complaint and Screening Order refer to Hively as "Melissa Kathryn Morrison." (Docs. 10, 14). According to Hively's answer, however, that name is incorrect. (Doc. 85). Ward acknowledged as much in a prior motion when he requested that "all references to Melissa Morrison be updated to Melissa Hively" (Doc. 100 at 3, ¶ 7). Accordingly, just as the docket now does, this Order refers to this Defendant as "Melissa Hively."

2

defendant following her Rule 41 dismissal. (Doc. 159). Alleging that it was Randall who posed as Kaur during the underlying events, Ward moved to substitute Randall for Kaur under Rule 25. (Docs. 125–128, 157–158). As the Court explained, however, Ward could not utilize Rule 25 for that purpose because his motion did not involve any of the "'four' specified 'circumstances'" in which the rule "'authorizes substitution,'" (Doc. 159 at 8) (citation omitted). Accordingly, the Court denied Ward's substitution motion but without prejudice to his ability to seek leave under Federal Rule of Civil Procedure 15 to file another amended complaint that includes Randall as a defendant. *Id*. at 2, 10.

With respect to both orders, Ward filed a motion and supporting brief on August 26, 2025, asking the Court to reconsider or modify its rulings and, in the alternative, to "certify" both orders for immediate, interlocutory appeal under 28 U.S.C. § 1292(b). (Docs. 161–162). Ward filed an amended motion for such relief on August 27, 2025, followed by a "notice of errata" and supporting brief filed on September 2, 2025. (Docs. 163, 177–178). On September 9, 2025, Copenhaver, Duncan, Rogers, and Moore filed a response in opposition to Ward's motion and amended motion. (Doc. 179). On September 12, 2025, Ward filed a reply without leave of Court. (Doc. 183).[2]

Apart from those motions, Ward also challenges the ISO and substitution order in an "objection" under Federal Rule of Civil Procedure 72 that he filed on August 28, 2025, and that was docketed as an appeal to United States District Judge Lee P. Rudofsky. (Doc.

---

[2] As the Court cautioned the parties in a previous order, the parties "must seek and receive leave of Court" before filing "a reply in support of anything other than a summary-judgment motion," (Doc. 200 at 10). However, because that order was issued on October 20, 2025, and, thus, post-dates the reply at issue, the Court, in its discretion, will decline to strike Ward's reply and will consider it in connection with Ward's reconsideration motions.

3

168). In his order of October 9, 2025, Judge Rudofsky advised that he will defer any ruling on Ward's "objection/appeal until the Magistrate Judge rules on the reconsideration requests." (Doc. 194).

## II. DISCUSSION

The Court will deny the motion and amended motion for reconsideration because Ward has not shown that he is entitled to such relief under the criteria of any potentially applicable court rule. The Court also will deny as moot Ward's request to certify the ISO and substitution order for immediate appeal under 28 U.S.C. § 1292(b) because he has made the same request in an appeal of the same orders to Judge Rudofsky. (Doc. 168). Moreover, Ward has not established that the ISO and substitution order qualify for certification under the statutory criteria.

### A. Applicable Federal Rule(s) of Civil Procedure

"The Federal Rules of Civil Procedure do not mention motions for reconsideration." *Broadway v. Norris*, 193 F.3d 987, 989 (8th Cir. 1999). Nor do the Local Rules for the Eastern and Western Districts of Arkansas. "Depending on the circumstances," however, such motions "may be properly analyzed under Federal Rule of Civil Procedure 54(b), 59(e), or 60(b)." *Doe, C.P. v. Key*, No. 4:20-cv-01233-KGB, 2024 WL 6843183, *1 (E.D. Ark. Mar. 11, 2024) (citing *Kirt v. Fashion Bug # 3252, Inc.*, 495 F. Supp. 2d 957, 964–65 (N.D. Iowa 2007)); *accord Evans v. Cabot Sch. Dist.*, No. 4:19-cv-00525-KGB, 2023 WL 3170525, *1 (E.D. Ark. Jan. 30, 2023). As explained below, Ward's reconsideration motions fall under at least one, but not all, of the potentially applicable Federal Rules.

1. **Rule 59(e)**

Federal Rule of Civil Procedure 59(e) does not apply under these circumstances. Rule 59(e) provides for a "motion to alter or amend a judgment," FED. R. CIV. P. 59(e), and such a motion must be "directed to" a "*judgment*" rather than "a nonfinal order." *Broadway*, 193 F.3d at 989; *see Banister v. Davis*, 590 U.S. 504, 507 (2020) (Rule 59(e) "enables a party to request that a district court reconsider a just-issued judgment"); *accord Nordgren v. Hennepin County*, 96 F.4th 1072, 1077 (8th Cir. 2024). As "used in" the Federal Rules of Civil Procedure, the term "judgment" includes "a decree and any order from which an appeal lies." FED. R. CIV. P. 54(a). The term thus "includes any appealable order, whether the order is appealable as a final judgment under 28 U.S.C. § 1291"—which has yet to issue in this case—"or is otherwise made appealable by statute on an interlocutory basis." 10 MOORE'S FEDERAL PRACTICE § 54.02[2] at 54-20 (3d ed. 2025) (footnote omitted).

Ward's motions do not fall under Rule 59(e) because they seek relief not from a judgment but, rather, from pretrial scheduling and substitution orders. Immediate appeals ordinarily do not lie from interlocutory orders of that ilk.[3] As neither the ISO nor the order

---

[3] That is certainly true of the ISO because such "Rule 16 orders are inherently interlocutory" and "not final," and so their "[r]eview ordinarily must await entry of final judgment." 15B WRIGHT & MILLER'S FEDERAL PRACTICE & PROCEDURE § 3914.27 at 201 (2d ed. 1992) (footnote omitted) & 2025 Supp. at 277. Similarly, review of Rule 25 substitution orders usually must await an "appeal of a final judgment." 6 MOORE'S FEDERAL PRACTICE § 25.16 at 25-34.2 (3d ed. 2025) (footnote omitted); *accord id.* § 25.37 at 25-56; 7C WRIGHT & MILLER'S FEDERAL PRACTICE & PROCEDURE § 1962 at 728–30 (3d ed. 2007); 15B WRIGHT & MILLER, *supra*, § 3914.18 at 41 & 2025 Supp. at 85. Although there is non-Eighth Circuit precedent to the effect that a denial of substitution under Rule 25 can sometimes be appealed immediately as a "collateral order" under *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541 (1949), *see* 6 MOORE'S, *supra*, § 25.16 at 25-34.2 to -35 & n.3, this Court does not believe that its ruling on the Randall-Kaur substitution matter would qualify for *Cohen* treatment given that doctrine's three "conditions." *Mohawk Indus., Inc. v. Carpenter*, 558 U.S. 100, 107 (2009). The Court is skeptical that its ruling involved an

declining to substitute Randall for Kaur is a "judgment" for Rule 59(e) purposes, the Court "can . . . exclude Rule 59(e) as the basis" for Ward's reconsideration motions. *Laird v. Stilwill*, 982 F. Supp. 1345, 1353 (N.D. Iowa 1997); *see Doe, C.P.*, 2024 WL 6843183, at *1 (Rule 59(e) did not apply to motion to reconsider where "[n]o judgment was entered" so as to "trigger [its] provisions"); *Burks v. Kelley*, No. 5:14-cv-00154-BSM, 2016 WL 11728948, *1 (E.D. Ark. Aug. 22, 2016) ("Rule 59(e) is not proper for non-final orders.").

### 2. Rule 60(b)

Ward's motion to reconsider might fall under Rule 60(b), which permits a court, on "motion and just terms," to "relieve a party . . . from a final judgment, order, or proceeding" for six specified "reasons" (including, as discussed below, a court's "mistake" or "inadvertence"). FED. R. CIV. P. 60(b). Although Rule 59(e), as mentioned, requires there to have been a "judgment," Rule 60(b) applies somewhat more broadly to motions for relief from a "judgment, order, or proceeding." Under the rule's "plain language," though, the judgment or order at issue must have been "final." *Elder-Keep v. Aksamit*, 460 F.3d 979, 984 n.5 (8th Cir. 2006); *see Evans*, 2023 WL 3170525, at *2 (Rule 60(b) "references 'final' orders"). The "addition" of that "qualifying word" to the rule's text nearly 80 years ago was intended to

---

"'*important* question[] separate from the merits,'" and even if it did, Ward's asserted right to reinstate Randall as a party-defendant seems "'adequately vindicable' or 'effectively reviewable'" in an appeal from a final judgment. *Id.* (citations omitted). Moreover, the Court denied Ward's substitution motion but without prejudice to his ability to proceed against Randall through the Rule 15 amendment process. Thus, that order was not "conclusive" as to whether Ward may sue Randall in this lawsuit, *id*. at 106, and it did not result in the sort of "total bar to recovery" that some courts have suggested might justify immediate appeal of orders denying substitution. *Billino v. Citibank*, 123 F.3d 723, 727 (2d Cir. 1997); *Matter of Covington Grain Co., Inc.*, 638 F.2d 1357, 1360 (5th Cir. 1981).

> emphasize[] the character of the judgments, orders or proceedings from which Rule 60(b) affords relief; and hence interlocutory judgments are not brought within the restrictions of the rule, but rather they are left subject to the complete power of the court rendering them to afford such relief from them as justice requires.

FED. R. CIV. P. 60(b), Advisory Committee Note, 1946 Amendment; *see* 12 MOORE'S FEDERAL PRACTICE § 60.23 at 60-82 (3d ed. 2025) ("Rule 60(b) does not govern relief from interlocutory orders, that is to say any orders in which there is something left for the court to decide after issuing the order.") (footnote omitted).

The Court of Appeals for the Eighth Circuit has acknowledged and enforced this "finality" limitation in a number of decisions. *See Julianello v. K-V Pharm. Co.*, 791 F.3d 915, 923 n.3 (8th Cir. 2015) (plaintiffs' motion to reconsider order limiting their leave to amend was properly considered under Rule 54(b) rather than Rule 60(b), as district court "had not yet entered final judgment on any of plaintiffs' claims when the plaintiffs filed the motion for reconsideration"); *Interstate Power Co. v. Kansas City Power & Light Co.*, 992 F.2d 804, 807 (8th Cir. 1993) (as Rule 60(b) "only applies to motions for relief from 'a final judgment, order, or proceeding,'" the district court erred in denying a motion to reconsider for failure to satisfy Rule 60(b), as motion addressed a non-final order and thus was not governed by that rule and, instead, should have been analyzed "[u]nder the last clause of Rule 54(b)"); *Sanders v. Clemco Indus.*, 862 F.2d 161, 168 n.12 (8th Cir. 1988) ("a district court may not entertain a Rule 60(b) motion filed before entry of final judgment"); *St. Mary's Health Ctr. of Jefferson City v. Bowen*, 821 F.2d 493, 498 (8th Cir. 1987) ("Rule 60(b) applies only to relief from a final judgment or order."). Given this precedent and the rule's plain language, the Court would be inclined to "exclude" Rule

7

60(b), as well, as a "basis" for Ward's reconsideration motions because they target plainly non-final and interlocutory pretrial orders. *Laird*, 982 F. Supp. at 1353.

This Court considers as well, however, another line of Eighth Circuit cases suggesting that Rule 60(b) *does* encompass a motion to reconsider a non-final order. For example, in *Broadway*—which involved a motion to reconsider that was "directed . . . to a nonfinal order"—the Eighth Circuit affirmed the denial of relief and noted its agreement with the district court that "this 'motion for reconsideration' should be construed as a Rule 60(b) motion," as opposed to one falling under Rule 59(e). 193 F.3d at 989. Thereafter, in *Anderson v. Raymond Corp.,* 340 F.3d 520 (8th Cir. 2003), the Eighth Circuit affirmed a district court's denial of a motion to reconsider an evidentiary ruling, finding no abuse of discretion and citing to *Broadway* with this parenthetical explanation: "(abuse of discretion standard applies to motions for reconsideration which are nothing more than Rule 60(b) motions when directed at non-final orders)." *Id.* at 525. And in the *Elder-Keep* case cited above, the Eighth Circuit affirmed a district court's denial of a motion to reconsider a non-final summary-judgment order and held that the district court properly applied a "Rule 60 standard" in its analysis. 460 F.3d at 985. As mentioned, the Eighth Circuit in *Elder-Keep* acknowledged Rule 60(b)'s "plain language" limiting its application to motions addressing "final" judgments or orders. *Id.* at 984 n.5. But it still declared, "we have determined that motions for reconsideration are 'nothing more than Rule 60(b) motions when directed at non-final orders.'" *Id.* at 984 (quoting *Anderson*, 340 F.3d at 525; citing *Broadway*, 193 F.3d at 989) (footnote omitted); *see also Kohlbeck v. Wyndham Vacation Resorts, Inc.*, 7 F.4th 729, 734 n.2 (8th Cir. 2021) (construing motion to reconsider "a non-final order" as

8

a motion "under Rule 60(b)"); *Williams v. York*, 891 F.3d 701, 706 (8th Cir. 2018) ("This court construes motions for reconsideration of non-final orders as motions under Rule 60(b) of the Federal Rules of Civil Procedure."); *Nelson v. Am. Home Assur. Co.*, 702 F.3d 1038, 1043 (8th Cir. 2012) ("we consider the [plaintiffs'] motion to reconsider as we would a Rule 60(b) motion" as it "was directed at" a partial summary-judgment order that was "non-final" inasmuch as it "resolved only part of their dispute with" the defendant).

### 3. Rule 54(b)

In his Amended Motion, Ward relies solely on Rule 54(b). (*See* Doc. 163 at 38–39, referring to a "Rule 54(b) revision" of the ISO and substitution order and seeking a "Rule 54(b) vacatur and correction" of those two orders "now"). Rule 54(b) states in relevant part that "any order" that

> adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and *may be revised at any time* before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

FED. R. CIV. P. 54(b) (emphasis added). District courts always have had "'the inherent power to reconsider and modify an interlocutory order any time prior to the entry of judgment.'" *K.C.1986 Ltd. P'ship v. Reade Mfg.*, 472 F.3d 1009, 1017 (8th Cir. 2007) (quoting *Murr Plumbing, Inc. v. Scherer Bros. Fin. Servs. Co.,* 48 F.3d 1066, 1070 (8th Cir. 1995)). And Rule 54(b) reflects or "encompasses" that inherent power. *Washam v. BNSF Ry. Co.*, No. 3:19-cv-00231-KGB, 2022 WL 989037, *2 (E.D. Ark. Mar. 31, 2022); *see Auto Servs. Co. v. KPMG, LLP*, 537 F.3d 853, 856–57 (8th Cir. 2008) (linking Rule 54(b) to a district court's "general discretionary authority to review and revise its

9

interlocutory rulings prior to the entry of final judgment"); *Walker-Swinton v. Philander Smith College*, No. 4:18-cv-00886-KGB, 2020 WL 13412938, *2 (E.D. Ark. Jan. 28, 2020) (Rule 54(b) "provides authority to reconsider any interlocutory order"); *Cobell v. Jewell*, 802 F.3d 12, 25 (D.C. Cir. 2015) (Rule 54(b) "reflect[s] the 'inherent power of the rendering district court to afford such relief from interlocutory judgments as justice requires'") (quoting *Greene v. Union Mut. Life Ins. Co. of Am.,* 764 F.2d 19, 22 (1st Cir. 1985) (Breyer, J.)). Under Rule 54(b), if "a district court is convinced that it incorrectly decided a legal question in an interlocutory ruling," it "may correct the decision to avoid later reversal." *Lovett v. Gen. Motors Corp.*, 975 F.2d 518, 522 (8th Cir. 1992); *accord Conrod v. Davis*, 120 F.3d 92, 95 (8th Cir. 1997).

### B. Ward is Not Entitled to Reconsideration.

Whether it applies Rule 54(b) or Rule 60(b), the Court perceives no basis to "reconsider," "modify," or "withdraw[]" either the ISO or the substitution order as Ward requests. (Doc. 161 at 27–28).[4]

---

[4] As for the above-cited Eighth Circuit cases (*e.g.*, *Broadway*, *Elder-Keep*) suggesting that Rule 60(b) applies to motions to reconsider non-final orders, the Court acknowledges that other district courts in the Eighth Circuit have "characterized" that aspect of those cases as "*dicta*" or have "criticized" those cases "for failing to recognize a district court's inherent authority to reconsider interlocutory orders, authority which as a practical matter a district court needs in order to modify orders in response to the changing circumstances of a lawsuit before it." *Washam*, 2022 WL 989037, at *2 (citing, *inter alia*, *Garrett v. Albright*, No. 4:06-CV-4137, 2008 WL 268993, *2 n.2 (W.D. Mo. Jan. 30, 2008)); *accord Dunne v. Resource Converting, LLC*, No. 4:16 CV 1351, 2019 WL 1227456, *2-3 (E.D. Mo. Mar. 15, 2019); *Discount Tobacco Warehouse, Inc. v. Briggs Tobacco & Specialty Co.*, No. 3:09-CV-05078, 2010 WL 3522476, *2-3 & n.3 (W.D. Mo. Sept. 2, 2010). Although the Court is inclined to agree that its "power . . . to modify an interlocutory judgment or order at any time prior to final judgment" should not be "limited by the provisions of Rule 60(b)," 11 WRIGHT & MILLER'S FEDERAL PRACTICE & PROCEDURE § 2852 at 292–93 (3d ed. 2012) (footnotes omitted), it is unnecessary for the Court to delve any further into this debate, here, because as mentioned, Ward is not entitled to reconsideration under either Rule 54(b) or Rule 60(b).

1.        **Legal Standards**

      a.        **Rule 54(b)**

The "exact standard" to apply to a Rule 54(b) motion to reconsider "is not clear" but is "typically" viewed as "less exacting" than the standards for Rule 60(b) motions. *Walker-Swinton*, 2020 WL 13412938, at *2 (citation and internal quotation marks omitted).[5] As a general matter, "a court may amend or reconsider any ruling under Rule 54(b) to correct any clearly or manifestly erroneous findings of facts or conclusions of law." *Id.* (citations and internal quotation marks omitted); *see Woody v. Dirani*, 243 F.R.D. 319, 321 (W.D. Ark. 2007) ("With regard to non-final orders, this Court retains its authority to depart from an earlier ruling 'if convinced that it is clearly erroneous and would work a manifest injustice.'") (citation omitted). Reconsideration under Rule 54(b) may be granted "if the earlier decision: (1) misunderstood a party, (2) made a decision outside of the adversarial issues, or (3) would be rendered incorrect because of a controlling or significant change in law since the issues were submitted to the Court." *Washam*, 2022 WL 989037, at *3 (cleaned up; citations omitted). In still other cases, courts have said that they will reconsider an interlocutory order under Rule 54(b) "if the moving party demonstrates (1) that it did not have a fair opportunity to argue the matter previously, and (2) granting the motion is necessary to correct a significant error." *Halloran v. Houlihan's Restaurants, Inc.*, No. 4:11-CV-01028, 2013 WL 544011, *2 (W.D. Mo. Feb. 12, 2013).

---

[5] *Accord Doe, C.P.*, 2024 WL 6843183, at *2; *Planned Parenthood of Arkansas & E. Oklahoma Inc. v. Gillespie*, No. 4:15-cv-00566-KGB, 2018 WL 6252499, *1 (E.D. Ark. Sept. 24, 2018); *Nat'l Fire Ins. Co. of Hartford v. Brierfield Ins. Co.*, No. 4:16-cv-00466-KGB, 2018 WL 8733063, *1 (E.D. Ark. Sept. 14, 2018); *Chatmon v. Kelly*, No. 5:16-cv-133-KGB, 2018 WL 11166721, *1 (E.D. Ark. Feb. 15, 2018); *Allstate Ins. Co. v. Weber*, No. 1:05-cv-00039-WRW, 2007 WL 1427598, *2 (E.D. Ark. May 11, 2007).

11

In any event, a motion to reconsider under Rule 54(b) "is not a vehicle to identify facts or legal arguments that could have been, but were not, raised at the time the relevant motion was pending." *Julianello*, 791 F.3d at 923; *accord SPV-LS, LLC v. Transamerica Life Ins. Co.*, 912 F.3d 1106, 1111–12 (8th Cir. 2019). And although "district courts have considerable discretion in deciding whether to reconsider an interlocutory order" under Rule 54(b), "they also have an interest in judicial economy and ensuring respect for the finality of its decisions—values which would be undermined if it were to routinely reconsider its interlocutory orders," *Roemen v. United States*, 343 F.R.D. 619, 624 (D.S.D. 2023) (citations omitted); *accord Washam*, 2022 WL 989037, at *3.

      b.      **Rule 60(b)**

A district court may grant relief from a "final" judgment or order "for the following reasons" under Rule 60(b):

    **(1)** mistake, inadvertence, surprise, or excusable neglect;

    **(2)** newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

    **(3)** fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

    **(4)** the judgment is void;

    **(5)** the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

    **(6)** any other reason that justifies relief.

FED. R. CIV. P. 60(b). Of these six "limited . . . grounds," *BLOM Bank SAL v. Honickman*, 605 U.S. 204, 206 (2025), four are clearly inapplicable here. Ward neither challenges the

ISO and substitution order on the basis of "newly discovered evidence" under Rule 60(b)(2), nor claims under Rule 60(b)(3) that either order resulted from any defendant's "fraud," "misrepresentation," or "misconduct." And as previously explained, there is no "judgment" that might implicate Rule 60(b)(4)-(5). Thus, at most, "only options one . . . and six" are potentially "available." *Burks*, 2016 WL 11728948, at *1.

Starting with the first one, for many years, the Eighth Circuit construed Rule 60(b)(1) to allow for only limited relief for judicial or "legal error" by a court. Although "judicial inadvertence" might have warranted relief, *Fox v. Brewer*, 620 F.2d 177, 180 (8th Cir. 1980), a "mistake by the court" did not. *Lowry v. McDonnell Douglas Corp.*, 211 F.3d 457, 460 (8th Cir. 2000) (footnote omitted).[6] More recently, however, the Supreme Court resolved a circuit split that had developed on this issue and held that, "[a]s a matter of text, structure, and history, . . . a 'mistake' under Rule 60(b)(1) includes a judge's errors of law." *Kemp v. United States*, 596 U.S. 528, 533–34 (2022). *Kemp* thus "permits any kind of judicial mistake to be raised" under Rule 60(b)(1). 11 WRIGHT & MILLER, *supra*, 2025 Supp. § 2858.1 at 49. Even so, a litigant seeking relief for a court's purported "mistake" or "inadvertence" may not use Rule 60(b) as "a vehicle for simple reargument on the merits." *Broadway*, 193 F.3d at 990; *see Arnold v. Wood*, 238 F.3d 992, 998 (8th Cir. 2001) (district court did not abuse discretion in denying Rule 60(b) motion that "largely reasserted

---

[6] *See also Spinar v. South Dakota Bd. of Regents*, 796 F.2d 1060, 1062 (8th Cir. 1986) (where motion to reconsider asserted that the district court "made a legal error" in dismissing certain defendants, it did not "set forth a ground for relief cognizable under Rule 60(b)"); *Burks*, 2016 WL 11728948, at *2 ("Rule 60(b)(1) . . . applies to a party's mistake, not the court's mistake."); *accord Nichols v. United States*, No. 4:00-cr-00022-03-WRW, 2006 WL 3420303, *2 (E.D. Ark. Nov. 28, 2006); *Ruminer v. Gen. Motors Corp.*, No. 4:03-cv-00349-GTE, 2005 WL 8164521, *2 (E.D. Ark. Sept. 6, 2005).

contentions made in earlier motions"); *accord Terra Int'l, Inc. v. Robinson*, 113 F. App'x 723, 725 (8th Cir. 2004) (per curiam).[7]

As for the sixth subsection, it provides for relief based on "any other reason that justifies relief." FED. R. CIV. P. 60(b)(6). But this "last option"—a "catchall"—is "available only when Rules 60(b)(1) through (b)(5) are inapplicable." *Kemp*, 596 U.S. at 533 (citing *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 863 n.11 (1988)); *see BLOM Bank*, 605 U.S. at 211 ("Rule 60(b)(6) provides only grounds for relief not already covered by the preceding five paragraphs").[8] And even then, "only 'extraordinary circumstances' can justify relief under the Rule 60(b)(6) catchall." *Id.* at 206.

The Eighth Circuit has long said as much. *See Harley v. Zoesch*, 413 F.3d 866, 871 (8th Cir. 2005) ("Relief is available under Rule 60(b)(6) only where exceptional circumstances have denied the moving party a full and fair opportunity to litigate his claim and have prevented the moving party from receiving adequate redress.").[9] Indeed, the Eighth Circuit has described *all* Rule 60(b) subsections as providing for "extraordinary relief which may be granted only upon an adequate showing of exceptional circumstances."

---

[7] *See also Burks*, 2016 WL 11728948, at *1 ("The purpose of Rule 60(b) motions is not to provide parties with another opportunity to re-argue their case."); *Dill v. Gen. Am. Life Ins. Co.*, No. 4:03-cv-00407-SWW, 2007 WL 9757442, *3 (E.D. Ark. Feb. 9, 2007) (a Rule 60(b) motion "may be denied where it raises only issues of law previously rejected by the court") (citing *Sanders*, 862 F.2d at 170).

[8] *Accord City of Duluth v. Fond du Lac Band of Lake Superior Chippewa*, 702 F.3d 1147, 1154 (8th Cir. 2013); *see Doe, C.P.*, 2024 WL 6843183, at *1 (as Rule 60(b)'s "provisions . . . are mutually exclusive," Rule 60(b)(6) does not apply if the asserted basis for relief is covered by "one of the more specific subsections of Rule 60(b)(1)-(5)").

[9] *Accord Atkinson v. Prudential Prop. Co., Inc.*, 43 F.3d 367, 373 (8th Cir. 1994); *Nucor Corp. v. Nebraska Pub. Power Dist.*, 999 F.2d 372, 374 (8th Cir. 1993); *In re Zimmerman,* 869 F.2d 1126, 1128 (8th Cir. 1989).

*United States v. Young*, 806 F.2d 805, 806 (8th Cir. 1986) (per curiam); *accord Williams*, 891 F.3d at 706; *Mitchell v. Shalala*, 48 F.3d 1039, 1041 (8th Cir. 1995); *see Patel v. N.Y. Life Ins. Co.*, No. 4:10-CV-04195, 2015 WL 1637304, *1 (W.D. Ark. Apr. 13, 2015) (a party seeking reconsideration under "*any* portion of Rule 60(b) must establish 'exceptional circumstances' to obtain the 'extraordinary relief' the rule provides") (emphasis added); *accord Halloran*, 2013 WL 544011, at *1; *Discount Tobacco*, 2010 WL 3522476, at *1.

### 2.   Analysis

Under any or all of the potentially applicable Rule 54(b) or Rule 60(b) standards, Ward has not shown that he is entitled to reconsideration of the ISO or substitution order. To start with the broad strokes, if Rule 60(b) applies, Ward has not identified anything close to "exceptional circumstances" that warrant relief under Rule 60(b)(6), and, for Rule 60(b)(1) purposes, the Court discerns no "mistake" or "inadvertence" in either order at issue. Similarly, applying Rule 54(b), the Court discerns no clear, manifest, or serious error in either order, and Ward has not demonstrated that he will suffer a manifest injustice if the ISO and substitution order stand as is. Nor has Ward shown that the Court "misunderstood" him or his previous argument in any way, or that either order went "outside of the adversarial issues" or is now "incorrect" in light of some recent "controlling or significant change in law." *Washam*, 2022 WL 989037, at *3. Moreover, Ward had "a fair opportunity to argue" his position earlier. *Halloran*, 2013 WL 544011, at *2.

Turning now to some of his specific arguments, Ward complains about the timing of the ISO. (Doc. 161 at 1, 13, 16–17; Doc. 163 at 3–4, 7–8, 23, 27). The Court, however, addressed that issue in its discovery order of October 20, 2025, acknowledging that the

delay was due to oversight and that it should have issued the ISO sooner, but also emphasizing that the parties bore the responsibility of discharging their Rule 26(f) obligations and, at any time, could have filed a motion asking the Court to enter a scheduling order. (Doc. 200 at 25–26).

Ward also asserts that the ISO somehow "erased" or "buried" his then-pending discovery or sanctions motions and improperly "reset" discovery. (Doc. 161 at 13, 17, 20, 22–23, 26–27; Doc. 163 at 2–5, 7, 22–23, 27–28, 36–39; Doc. 178 at 1, 3). The ISO, however, had no such effect on Ward's discovery or sanctions motions, many of which were resolved post-ISO in the aforementioned discovery order (with others to be resolved shortly by separate order). Nor did the ISO "reset" discovery which, as explained in the discovery order, was premature prior to the Rule 26(f) events and the issuance of the Final Scheduling Order. (Doc. 200 at 14–17). The ISO, anyhow, was merely the precursor to—and was essentially superseded by—the Final Scheduling Order, which Judge Rudofsky issued on October 15, 2025. (Doc. 198). Thus, whatever Ward's objections to the ISO, they appear to be mooted by the Final Scheduling Order, which Ward does not challenge.

As for the substitution order, Ward complains that the Court denied substitution under Rule 25 after suggesting in an earlier order that Ward seek relief under that very rule. (Doc. 161 at 15–16, 20, 24; Doc. 162 at 1–2; Doc. 163 at 25–26, 30, 34–35). But once again, the Court acknowledged this in its substitution order and explained that, upon further reflection, it determined that Ward should proceed against Randall under Rule 15, not Rule 25. (Doc. 159 at 4–5, 7). Ward objects to this as "a procedural bait-and-switch." (Doc. 161 at 16; Doc. 163 at 26). But that outcome was mandated by Rule 25's text and the case law

16

construing it. Ward does not discuss or distinguish any of that authority, and he cites no other authority that undercuts or casts doubt on the Court's ruling.

Lastly, the Court declines Ward's request to construe his substitution motion as a Rule 15 motion for leave to amend and to grant the motion, so construed, and reinstate Randall as a party-defendant. (Doc. 161 at 28; Doc. 163 at 39). As filed, the substitution motion is not a viable vehicle for obtaining leave to amend because it does not address Rule 15's criteria or the relevant factors under *Foman v. Davis*, 371 U.S. 178, 182 (1962). Nor did Ward tender a proposed Second Amended Complaint with his substitution motion. Thus, the only way for Ward to pursue a claim for relief against Randall is to file a separate motion for leave to amend (with a proposed new pleading attached) as the Court explained in its substitution order. (Doc. 159 at 2 & n.1, 10). As it happens, Ward filed such a motion on November 25, 2025. (Doc. 208).

For all of these reasons, the Court, in its discretion, perceives no basis on which to reconsider, modify, or withdraw either the ISO or the substitution order. *See, e.g., SPV-LS*, 912 F.3d at 1111 (district court has "wide discretion over whether to grant a motion for reconsideration of a prior order" under Rule 54(b)); *Hunter v. Underwood*, 362 F.3d 468, 475 (8th Cir. 2004) (Rule 60(b) relief "is an extraordinary remedy that lies within the discretion of the trial court"). Ward's motion and amended motion to reconsider are denied.

### C. Motion to Certify Immediate Appeal under 28 U.S.C. § 1292(b)

The Court also will deny Ward's request to certify the ISO and substitution order for immediate, interlocutory appeal under 28 U.S.C. § 1292(b). (Doc. 161 at 18, 28; Doc. 163 at 28, 39). As mentioned, Ward's pending appeal to Judge Rudofsky includes an

identical certification request. (Doc. 168 at 1-2, 8). That is, Ward appealed this Court's ISO and substitution order to Judge Rudofsky and, as part of that appeal, asks Judge Rudofsky to certify those orders for immediate appeal under § 1292(b), just as he asks this Court to do in the reconsideration motions. Thus, as the certification issue is already before Judge Rudofsky as part of an appeal and likely will be resolved by him in due course, this Court is inclined to stay its hand and defer to Judge Rudofsky on this issue, lest any order or recommendation from this Court vary with how Judge Rudofsky plans to rule on the certification question in the appeal before him. Accordingly, this Court will deny Ward's certification request as moot.[10]

However, even were the certification request in *this* Court not moot, an immediate appeal of the ISO and substitution order would be inappropriate given the statutory criteria. Moreover, considering the pending appeal involving this same issue, the Court finds that

---

[10] If this Court had been called upon to address the certification request in the first instance, it is unclear if the Court could do so by order or, rather, if a recommendation would be required. It does not appear that the Eighth Circuit has addressed whether, in a non-consent case, a magistrate judge may rule on a § 1292(b) certification motion by order or only by recommendation. By contrast, the Court of Appeals for the Sixth Circuit has held that, absent consent, a magistrate judge has no authority to grant a § 1292(b) motion. *Vitols v. Citizens Banking Co.*, 984 F.2d 168, 169–70 (6th Cir. 1993) (per curiam). Relying on *Vitols*, some courts have held that a magistrate judge may address a § 1292(b) motion only through a recommendation for a district judge. *See*, *e.g.*, *United States v. Alsol Corp.*, No. 2:13-cv-0380, 2017 WL 11634556, *3 n.4 (D.N.J. Jan. 17, 2017) (magistrate judge recommended against certification and stated that, absent consent, such requests are "considered" by magistrate judges "on a report and recommendation basis"). Other magistrate judges have denied § 1292(b) motions for lack of authority under *Vitols* but proceeded to explain why, even if they were authorized to grant such motions, they would not do so given the statutory criteria and the facts and circumstances of the particular cases before them. *See*, *e.g.*, *Bishop v. County of Suffolk*, No. 13-446, 2015 WL 5719802, *1 n.1 (E.D.N.Y. Sept. 29, 2015) (where magistrate judge stated that, absent consent, "this Court . . . has no authority to enter" a § 1292(b) certification order but that, "[e]ven if this Court had such authority, it could not and would not certify an interlocutory appeal"); *Dujardine v. Michigan Dep't of Corr.*, No. 1:07-CV-701, 2009 WL 3401172, *2 (W.D. Mich. Oct. 19, 2009) (magistrate judge denied § 1292(b) motion for lack of authority but stated that, "[e]ven if the undersigned had such authority, plaintiff provides no basis to certify this motion for an interlocutory appeal"). Because Ward seeks a § 1292 certification simultaneously from this Court and Judge Rudofsky, this Court need not resolve these questions here.

18

it would be duplicative (and, thus, unnecessary) to send Judge Rudofsky a recommendation against immediate appeal. Allowance of interlocutory appeal under § 1292(b) is an "extraordinary course," and "[p]ermission . . . should . . . be granted sparingly and with discrimination." *Union County v. Piper Jaffray & Co., Inc.*, 525 F.3d 643, 646 (8th Cir. 2008) (citation and internal quotation marks omitted). Here, Ward has not shown that either the ISO or the substitution order "involves a controlling question of law as to which there is substantial ground for difference of opinion," 28 U.S.C. § 1292(b). On the latter point, Ward cites no "conflicting and contradictory opinions" from other courts that might "provide substantial ground for disagreement" with this Court's ISO and substitution order. *Union County*, 525 F.3d at 647 (citation and internal quotation marks omitted). Nor has he shown that "an immediate appeal" from either order "may materially advance the ultimate termination of the litigation," 28 U.S.C. § 1292(b).

Orders comparable to the ISO and substitution order at issue here have routinely been found unsuitable for § 1292(b) certification. *See, e.g., Best Label Co., LLC v. Custom Label & Decal, LLC*, No. 19-CV-03051, 2021 WL 5415260, *10–11 (N.D. Cal. Nov. 19, 2021) (declining to certify § 1292(b) appeal of order denying Rule 25 substitution); *Al-Adahi v. Obama*, 597 F. Supp. 2d 38, 42 (D.D.C. 2009) (same as to case-management order as there was "absolutely no question that certification would delay—not advance— ultimate termination of this sorely-delayed litigation"); *Hogan v. Robinson*, No. 1:03-CV-06408, 2007 WL 1452790, *4 (E.D. Cal. May 15, 2007) (same as to order involving "the exercise of discretion by a district judge regarding altering a scheduling order"), *on reconsideration in part on other grounds*, 2007 WL 1469670 (E.D. Cal. May 17, 2007);

19

*Aguinda v. Texaco, Inc.*, 850 F. Supp. 282, 284 (S.D.N.Y. 1994) (an interlocutory appeal from a "preliminary case management" decision made during "an interim predecisional stage" would "run counter" to § 1292(b)). This case, then, is simply not "an exceptional one in which immediate appeal is warranted." *Union County*, 525 F.3d at 646 (citation and internal quotation marks omitted).

### III. CONCLUSION

IT IS THEREFORE ORDERED THAT:

1. Plaintiff's Combined Motion for Reconsideration, Clarification, and Certification for Interlocutory Appeal is DENIED. (Doc. 161).

2. Plaintiff's Amended Combined Motion for Reconsideration, Clarification, and Certification for Interlocutory Appeal is DENIED. (Doc. 163).

SO ORDERED this 26th day of November, 2025.

_____
UNITED STATES MAGISTRATE JUDGE