IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

**STEPHEN WARD**                                                                                              **PLAINTIFF**

v.                              Case No. 3:22-cv-00250-LPR-BBM

**HAROLD COPENHAVER**, *et al*.,                                                                 **DEFENDANTS**

## ORDER ON PLAINTIFF'S MOTION FOR FINDINGS OF FACT AND SANCTIONS PRESERVATION

Pending before the Court is a motion filed by Plaintiff Stephen Ward, requesting the Court to make certain findings of fact under Federal Rule of Civil Procedure 52. (Docs. 166–167). Four defendants filed an opposition, to which Ward replied without leave of Court. (Docs. 181, 186).[1] After carefully reviewing Ward's motion, the entire record, and the relevant law, the Court will deny the motion for the reasons that follow.

**I.    INTRODUCTION**

Ward requests that the Court make findings of fact under Rule 52 based on "77 numbered factual items," each of which is sequentially set forth in the motion and, according to Ward, is "tied to docket filings, affidavits, subpoena returns, or exhibits" that are "already in the record" and purportedly demonstrate "spoliation, discovery obstruction, and service history." (Doc. 166 at 1; Doc. 186 at 2; *see* Doc. 167 at 1–2, citing Rule 52 in

---

[1] The Court again reiterates what it said in a previous order: the parties "must seek and receive leave of Court" before filing "a reply in support of anything other than a summary-judgment motion," *Ward v. Copenhaver*, No. 3:22-cv-00250-LPR-BBM, 2025 WL 2964335, *5 (E.D. Ark. Oct. 20, 2025). But that order post-dates the reply at issue here, which was filed without leave on September 22, 2025. (Doc. 186). Thus, in its discretion, the Court will decline to strike the reply and will consider it in connection with Ward's motion.

supporting brief as basis for motion). Some items, like these two, simply regurgitate basic, non-controversial docket or procedural history:

> 10. Plaintiff served Defendant Jeffrey Moore with a Request for Production of Documents on March 6, 2025. [Doc. 121] . . . .
>
> 43. Plaintiff requested the Court to compel Defendant Hively to respond to interrogatories and requests for production under Rules 33, 34, and 37. [Doc. 137] . . . .

(Doc. 166 at 4, 14). Other items, like these two, contain argument by Ward or assertions that are probably disputed:

> 18. Carol Duncan acted as decisionmaker for co-defendants Copenhaver, Rogers, and Moore in matters of FOIA and discovery compliance, directing their posture toward Plaintiff's requests. [Doc. 135 at paragraph 19] . . . .
>
> 21. Defendant Moore filed a response to Plaintiff's Motion to Compel without a supporting brief, in violation of Local Rule 7.2(a). [Doc. 133 ) . . . .

*Id*. at 8–9. Beneath each of the 77 items is this line—"☐ Confirmed   ☐ Not confirmed"—to which Ward asks the Court to respond by checking one box or the other. *Id*. at 2–24.

This motion—as aptly noted in the opposition of Copenhaver, Duncan, Rogers, and Moore—essentially requests the Court to make the proposed findings of fact "in check the box fashion" (Doc. 181 at 1). "A checklist of findings," adds Ward in his supporting brief, "ensures clarity and fairness," and "[e]ven a finding of 'Not Confirmed' preserves the fact that the Court considered the record evidence." (Doc. 167 at 1, 3). All of this is "necessary," says Ward, "to preserve [his] due-process rights," to "support" his request for discovery "sanctions" made in previous motions, and "to clarify the record for appeal" or facilitate "meaningful appellate review." (Doc. 166 at 1; Doc. 167 at 4). Accordingly, Ward requests

2

that the Court "[e]nter explicit findings on each numbered factual item . . . marking 'Confirmed' or 'Not Confirmed' on the record"; "[p]reserve those findings as part of the case record for purposes of due process, appellate review, and sanctions rulings"; and "[i]mpose sanctions under Federal Rule of Civil Procedure 37(e)(2) and the Court's inherent authority, including adverse inference, evidentiary preclusion, striking of defenses, default judgment where appropriate, and an award of costs." (Doc. 166 at 25).

## II.   DISCUSSION

The Court will deny Ward's motion in all respects. Insofar as the motion seeks discovery sanctions, the motion is denied for the same reasons that the Court denied Ward's other motions for discovery sanctions. (Doc. 200 at 20–28). And insofar as the motion seeks findings of fact, it is denied for the following reasons.

First, even if it were appropriate under Rule 52 for the Court to make findings of fact now, the Court would decline to make findings that simply parrot the docket or summarize the content of particular party filings or court orders. *See supra* p. 2 (quoting Item 43, Doc. 166 at 14); *see also* Doc. 166 at 1, 3–5, 9–20, 23–24 (Items 1, 8–11, 13–14, 22, 25–28, 30, 32–35, 41–53, 57–59, 72–74). The docket speaks for itself.

Second, as even Ward acknowledges, the provision he invokes, Rule 52, "is most often applied in bench trials," (Doc. 167 at 2). Indeed, the rule states that a court "must find the facts specially and state its conclusions of law separately" in "an action tried on the facts without a jury or with an advisory jury" and that, "[i]n granting or refusing an interlocutory injunction, the court must similarly state the findings and conclusions that support its action." FED. R. CIV. P. 52(a)(1)-(2). Rule 52, then, does not obligate the Court

3

to make factual findings at this stage of this case that involves no claim for injunctive relief and is nowhere near trial. Moreover, it seems unlikely that a bench trial will ever occur in this case so as to bring it within the ambit of Rule 52. To the contrary, Ward has explicitly requested a *jury* trial. Am. Compl. at 1; *id.* at 114, ¶ 220. And that is what is contemplated in the Final Scheduling Order. (Doc. 198 at 1).

Ward nonetheless asserts that the Court may still "use" Rule 52 to make factual findings while "resolving discovery and sanctions motions" whose "outcome" depends on the resolution of factual disputes. (Doc. 167 at 2). Ward cites no authority that supports his assertion, however, which, in any event, is contrary to another provision in the rule stating that, "unless" the Federal Rules of Civil Procedure "provide otherwise" (and none does here), the Court "is not required to state findings or conclusions when ruling . . . on *any* . . . *motion*." FED. R. CIV. P. 52(a)(3) (emphasis added).

Lastly, the Court already has denied the "discovery and sanctions motions" to which Ward appears to refer, and the Court did so in two orders (comprising, respectively, 29 and 17 pages) that fully explained the basis of its rulings. (Docs. 200, 212). Thus, there is no reason for the Court to make any additional "findings" with respect to Ward's discovery or sanctions motions or the orders denying those motions. And in those orders, the Court "articulate[d] reasons" for its decisions that should "enable suitable review" in the event of an appeal. *DeShane v. Deere & Co.*, 726 F.2d 443, 446 (8th Cir. 1984).

## III.   CONCLUSION

IT IS THEREFORE ORDERED THAT Plaintiff's Motion for Findings of Fact and Sanctions Preservation, (Doc. 166), is DENIED.

SO ORDERED this 8th day of December, 2025.

_____
UNITED STATES MAGISTRATE JUDGE